Mable A. REDIC, Plaintiff,

v.

GARY H. WATTS REALTY COMPANY;
David S. Schwartz and Shirley E.
Schwartz, Defendants.

No. C–C–82–777–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 14, 1984.

Louis L. Lesesne, Jr., Charlotte, N.C., for plaintiff.

Ralph C. Clontz, Jr., Charlotte, N.C., for defendants.

## ORDER AWARDING ATTORNEY'S FEES

McMILLAN, District Judge.

This case was tried before a jury on January 26, 27 and 30, 1984. The jury returned a verdict in favor of plaintiff, finding that defendant David Schwartz had extended credit to plaintiff in the form of a mortgage loan on plaintiff's residence, while failing to make the disclosures required by the Truth in Lending Act, 15 U.S.C. § 1601 et seq. On March 9, 1984, the court entered judgment on the jury's verdict, ordering defendants to reconvey to plaintiff all of their interest in plaintiff's former home, upon various conditions, including plaintiff's tendering to defendants $1,056.00, the amount of the principal of the credit transaction. Plaintiff's counsel has filed a petition for an award of a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3).

In calculating a "reasonable attorney's fee" the court is guided by the Supreme Court's recent decision in *Blum v. Stenson*, —— U.S. ——, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). *See Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir.), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978) (award of attorney's fees under Truth in Lending Act). Pursuant to the guidelines set forth in *Blum*, the court must make an initial estimate of a reasonable fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. A reasonable hourly rate is generally deemed to be the prevailing market rate for the services rendered; the burden is on the fee applicant to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. —— U.S. at ——, 104 S.Ct. at 1547, n. 11.

The court, in its discretion, may consider a number of factors in determining a reasonable hourly rate, including the experience and skills of the attorney, the quality of representation, the novelty and complexity of the issues, and the results obtained. —— U.S. at ——, 104 S.Ct. at 1548. The court should also consider, to the extent applicable, the factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974), as adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc., supra*, and clarified in *Anderson v. Morris*, 658 F.2d 246 (4th Cir.1981). *See also, Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Counsel for plaintiff has submitted an affidavit showing that he spent 244.75 hours working on this case through February 9, 1984; he claims that he is entitled to compensation at an hourly rate of $100.00 for this work.

In determining the reasonableness of the hours claimed and the requested rates, the court has considered the following:

1. *The special skill, reputation, and experience of counsel.*—Plaintiff's counsel, Mr. Louis L. Lesesne, Jr., has been a member of the North Carolina bar for more than nine years. He has had extensive experience in federal court litigation at both trial and appellate levels, and enjoys an excellent reputation as a skilled attorney.

Mr. Lesesne is experienced in representing consumers in cases brought under the Truth in Lending Act. *See, e.g., James v.*

*Ragin*, 432 F.Supp. 887 (W.D.N.C.1977). His expertise in this area has been demonstrated by the fact that he has yet again prevailed in a case in which opposing parties were represented by counsel who says, in papers filed with the court, that he is a nationally recognized expert in Truth in Lending law.

2. *The quality of representation.* —Plaintiff's counsel rendered high quality service to plaintiff. Opposing parties filed many pounds of paper, and filed several motions alleging legal and ethical matters having little or no bearing on the merits of the case. Throughout the controversy thus created, plaintiff's counsel never failed to pursue and to reveal, undistracted, the essential facts necessary for the jury to reach a decision of the case on its merits.

3. *The results obtained.*—Plaintiff achieved virtually complete relief on her claims; she received the favorable result most important to her—the return of her home.

Defendants contend that plaintiff failed to prevail on all her legal claims, and that her counsel should not be reimbursed for the time he spent pursuing legal theories that were not adopted by the court. They say that plaintiff did not prevail on the first contest, her motion for summary judgment, in which she contended that the transaction between defendants and herself was a "credit sale" as a matter of law. Defendants further say that plaintiff lost the dispute between the parties over which Truth in Lending *regulation* was applicable to the case. *See* 12 C.F.R. § 226.1 *et seq.* (Regulation Z) (Amendment effective April 1, 1981). Since plaintiff got complete financial and equitable relief, those "failures" of legal theory do not matter.

█ In setting fees, the court is required to apply the test set forth in *Hensley v. Eckerhart, supra*. Specifically, it must determine (1) whether plaintiff failed to prevail on claims that were unrelated to the claims on which she succeeded; and (2) whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a

fee award. *Id.* 461 U.S. at ——, 103 S.Ct. 1940.

First, the claims all arose out of a *common core of facts* respecting the nature of the transaction between plaintiff and defendants; it did *not* present "a series of discrete claims." *Id.* Furthermore, the applicability of the disputed section of revised Regulation Z had not, at the time of trial, yet been addressed by a federal court in any published opinion which this court was able to locate. Under such circumstances, it was the duty of plaintiff's counsel to advance all reasonable theories concerning the new regulations which were favorable to plaintiff.

Second, plaintiff achieved total success. The Supreme Court stated in *Hensley* that "[l]itigants in good faith may raise *alternative legal grounds* for a desired outcome, and the court's rejection of or failure to reach certain grounds is *not* a sufficient reason for reducing a fee. The result is what matters." *Id.* [Emphasis supplied.]

I conclude that the hours reasonably expended by plaintiff's counsel in pursuing all of her theories are properly includable in the basis for making a fee award.

4. *The novelty and complexity of the issues.*—This case presented several challenging issues of both fact and law. Plaintiff's counsel proffered novel interpretations of Truth in Lending law that were fully warranted in light of the paucity of available case law interpreting transactions of the type entered into by plaintiff and defendant.

Defendants submitted several affidavits of attorneys in the field of Truth in Lending law to support their contentions that the facts and law were simple. It is true that the facts as found by the verdict are simple. But the incredible numbers of words uttered and written by defendants' counsel and witnesses are anything but "simple." The fact that through that barrage plaintiff's counsel was able to discern a winning case, where experts in the field said they were able to see none, and was able to win that case against entrenched

authority further shows the high level of counsel's competence.

5. *The preclusion of other employment by the attorney because he handled this case.*—Few lenders are now likely to employ plaintiff's counsel. This case required an enormous amount of time that could have been spent on other work.

6. *Time limitations imposed by the client or the circumstances.*—This factor is not significant in determining a reasonable fee in this case.

7. *The undesirability of the case within the legal community.*—This was an extremely distasteful case for plaintiff's counsel to try. While preparing for trial, plaintiff's counsel and defendants' counsel both interviewed some of the same witnesses; several witnesses signed conflicting affidavits concerning what had transpired between themselves and counsel for the parties. Defendants' counsel filed a "Motion for Investigation and Hearing" (document # 61), moving the court to conduct an investigation or to hold a hearing "to determine whether any individuals have committed or suborned perjury or improperly 'tampered with witnesses' in connection" with the case. This thirty-page document contains several insinuations that plaintiff's counsel, and the private investigator employed by him, had attempted to bribe, persuade, or cajole potential witnesses to give perjured testimony favorable to plaintiff. For example, on page 24 of the verified motion, defendant Schwartz, through counsel, states that he felt there was no need for his attorney to attend a particular deposition "because he was confident that [plaintiff's counsel and his investigator] would be unable to persuade persons involved in five different transactions to give perjured testimony."

The lack of merit in those accusations, and the reasons for the court's denial of that motion, are set out in the court's memorandum of decision and omnibus order entered March 9, 1984, which is by reference made a part of this order. The court is still of that opinion.

Defendants contend that plaintiff's counsel should not be compensated for the time that he spent defending himself against the charges against his integrity. They say that this matter is outside the scope of the suit, and that their own counsel was not compensated by defendants for the time spent assisting them in bringing the charges. This contention is refuted by the time slips chargeable to defendants by their counsel and entered on September 10, 12, 13, 14, 15, and 22, 1983.

The ethical charges lodged against plaintiff's counsel constituted an integral part of this suit, and the cost of time spent by counsel defending himself against those accusations is directly chargeable to defendants.

8. *Nature and length of the professional relationship.*—This factor is not significant in determining a reasonable fee in this case.

9. *Time and labor expended.*—The court finds that the time and labor expended by counsel was reasonable and fully commensurate with both the seriousness of the case and the level of his ability. The court is frankly unable to imagine how plaintiff's counsel had time for any activities *not* involving this case, given the veritable flood of papers produced by opposing counsel.

The court has considered the number of hours for which *defendant's* counsel received compensation in this case. Time slips and bills produced through discovery reveal that defendant's counsel billed defendants for over 600 hours of attorney time through February 9, 1984. (Counsel has logged more than 100 additional hours since that time.) Coupled with the statements made by defendants' counsel that he has not charged his clients for one-third to one-half of his time, this evidence if believed supports a finding that this was not, despite the opposite characterization by defendants, a simple case with no merit, and further, that plaintiff's counsel used his time efficiently and expeditiously. Such a finding is particularly warranted where, as here, (1) defendants' counsel has considera-

bly more years of experience in litigating Truth in Lending cases, and his time should be more efficiently used; and (2) the stakes were potentially much higher for plaintiff (the loss of her home) than they were for defendants (roughly $3,000 plus the loss of potential profit on the sale of the house).

Defendant Schwartz has filed an affidavit in which he informs the court that his counsel spent an exceedingly large amount of time on this case due to an incapacity of counsel resulting from a viral infection. The number of hours for which defendants' counsel received fees was used by the court merely as a point of reference in assessing the seriousness of the litigation. *Cf. Ruiz v. Estelle,* 553 F.Supp. 567, 584–86 (E.D.Tex.1982).

10. *Customery fee for like work.*—The court finds that the requested rate of $100.00 per hour for the time of plaintiff's counsel is reasonable. Defendants contend that this rate is unreasonably high. They claim that their own attorney, a nationally recognized expert in Truth in Lending law, received a lower hourly rate for his efforts than plaintiff's counsel has requested. However, the court has examined plaintiff's counsel's request in light of the prevailing market rates for all similar services rendered in this community. Furthermore, as of February 22, 1984, defendants' counsel had billed his clients for over $50,000.00 for his services in defense against this loss of a minor fraction of $50,000. However his fees were computed, he appears to have been well compensated for his efforts and results.

Finally, defendants argue that the attorney's fee award in a Truth in Lending case may not exceed the monetary amount received by plaintiff as a result of the suit. The cases cited to the court do not support such a proposition. Indeed, in *Reneau v. Mossy Motors,* 622 F.2d 192 (5th Cir.1980), cited by defendants, the Fifth Circuit reversed a district court's order limiting attorney's fees to $1,000, the amount of the monetary award received by the plaintiff as damages. In remanding the case, the court cautioned the district court to determine a reasonable fee pursuant to the guidelines set forth in *Johnson v. Georgia Highway Express, supra,* stating:

> While an award greatly in excess of a client's recovery requires strong support from the particular circumstances of the case, *Mirabal v. General Motors Acceptance Corp.,* 576 F.2d 729, 730 (7th Cir.) (per curiam), *cert. denied,* 439 U.S. 1039 [99 S.Ct. 642, 58 L.Ed.2d 699] (1978), the ceiling on the client's recovery should not operate as an impenetrable barrier to reasonable compensation. Righteous campaigns are not always won at modest cost."

*Id.* at 196.

As a result of this suit, plaintiff may now live in peace in her own home. The amount considered reasonable as a fee for her attorney is not greatly in excess of this beneficial result.

Moreover, the purpose of the Truth in Lending Act has once again been upheld by a court and jury.

Accordingly, the court's initial estimate of a reasonable fee for plaintiff's counsel is:

244.75 hours × $100.00 per hour = $24,475.00

## II.

When an applicant for a fee has carried the burden of showing that the claimed rate and the number of hours are reasonable, the resulting product may properly be found to be the reasonable rate. *Blum v. Stenson, supra,* —— U.S. at ——, 104 S.Ct. at 1548. Nevertheless, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry." *Hensley v. Eckerhart, supra,* 461 U.S. at ——, 103 S.Ct. at 1940. The court may consider an enhancement of the fee award in some cases of "exceptional success," *Id.* The contingent nature of the litigation also may justify an enhancement of the award. *See Blum v. Stenson, supra,* at —— U.S. ——, 104 S.Ct. at 1551 (Brennan and Marshall, JJ., concurring). Finally, where the results are exceptional *and* where the fee

applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged, the court may accordingly make an upward adjustment in the rate of compensation. *Id.* at ——, 104 S.Ct. at 1550.

This was a contingent fee case. Plaintiff's counsel had no hope of compensation for his services unless the case was won. Adequate fees are necessary in contingent fee cases both to compensate the attorney for the risk of losing, and thus receiving no remuneration for services, and also to insure that competent counsel are willing to take such cases.

The court concludes that for the foregoing reasons, plaintiff's fee award should be increased by 25%.

In addition to fees, plaintiff is entitled to recover costs and expenses in the amount of $788.78.

IT IS THEREFORE ORDERED that defendant pay to counsel for plaintiff the following sums:

| Attorney's fees | $24,475.00 |
|---|---|
| Plus 25% | 6,118.75 |
| Costs and expenses | 788.78 |
| Total: | $31,382.53 |