**Charlean WIGGINS, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83–388–CIV–5.**

United States District Court, E.D. North Carolina, Raleigh Division.

March 14, 1986.

Charles R. Hassell, Jr., Raleigh, N.C., for plaintiff.

Rudolf A. Renfer, Jr., Asst. U.S. Atty., Raleigh, N.C., for defendant.

## ORDER

JAMES C. FOX, District Judge.

This matter is before the court on plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(B). On February 10, 1986, plaintiff moved for EAJA attorney's fees in the amount of $1,612.50. Defendant has not responded to plaintiff's petition within the time provided by law.

This civil action was filed on April 14, 1983, after defendant administratively denied plaintiff's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, as amended. 42 U.S.C. §§ 405(g) and 1383(c)(3). On June 18, 1984, the court adopted an unopposed recommendation of the Magistrate, and ordered this action remanded to the Secretary for rehearing and a proper determination of whether plaintiff retained sufficient residual functional capacity to engage in an alternative job existing in the national economy. Subsequently, upon remand, plaintiff was administratively awarded benefits.

The EAJA permits an award of attorney's fees to a qualified prevailing party, other than the United States, in civil actions brought by or against the United States "unless the court finds that the posi-tion of the United States was substantially justified or that the special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).[1] The court has reviewed plaintiff's application for attorney's fees, affidavit of counsel, and memorandum of law, and for the reasons set forth below, the court concludes plaintiff is entitled to attorney's fees under the EAJA.

Ordinarily, the government's position in the district court is substantially justified if the United States Attorney does no more than rely on an "arguably defensible administrative record." *Guthrie v. Schweiker,* 718 F.2d 104, 108 (4th Cir.1983). The finding that a final decision of the Secretary is not supported by substantial evidence does not equate to a finding that the position in the litigation was not substantially justified. *Id.; Bennett v. Schweiker,* 543 F.Supp. 897 (D.D.C.1982).

However, the government has the burden of demonstrating substantial justification for its position. *Tyler Business Services, Inc. v. NLRB,* 695 F.2d 73 (4th Cir. 1982); *Alspach v. Director of Internal Revenue,* 527 F.Supp. 225, 229 (D.Md.1981). The government must show that the position had a reasonable basis both in law and fact. *Smith v. Heckler,* 739 F.2d 144, 146 (4th Cir.1984); *Cornella v. Schweiker,* 728 F.2d 978, 981–82 (8th Cir.1984); *Trujillo v. Heckler,* 569 F.Supp. 631, 1439 (E.D.N.Y. 1983). It is possible for the administrative record to be so deficient that the government may not reasonably rely on it. *Guthrie v. Schweiker,* 718 F.2d at 108.

In the case at bar, the government has elected not to respond to plaintiff's motion for an award of fees under the EAJA. Accordingly, the court is unable to find any circumstances that would make such an award unjust. Defendant simply has made no showing of substantial justification and having failed to carry that bur-

---

**1.** The newly enacted 28 U.S.C. § 2412(d)(2)(D) provides: " ... 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based;...." *See Holden v. Heckler,* 615 F.Supp. 686, 687–89 (N.D.Ohio 1985).

den, plaintiffs' motion for attorney's fees under the EAJA is ALLOWED.[2]

■ In all cases involving an award of fees, the Fourth Circuit has held that the guidelines established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), must be followed. *Barber v. Kimbrell's Inc.*, 577 F.2d 216 (4th Cir. 1978), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). The utilization of the *Johnson* factors has been modified by the Supreme Court's recent decisions in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) and *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The initial step in this evaluation is to determine the number of hours reasonably expended and multiply that number times the customary fee for similar work. *Hensley v. Eckerhart*, 103 S.Ct. at 1940; *Anderson v. Morris*, 658 F.2d 246 (4th Cir.1981). In determining a reasonable hourly rate, the court should consider a number of factors, including the experience and skills of the attorney, the quality of the representation , the novelty and complexity of the litigation and the results obtained. *Blum v. Stenson*, 104 S.Ct. at 1548–49. In addition, the court should consider, to the extent applicable, the remaining *Johnson* factors. *See Redic v. Gary H. Watts Realty Co.*, 586 F.Supp. 699 (W.D.N.C.1984), *rev'd. on other grounds*, 762 F.2d 1181 (4th Cir.1985).

In determining the number of hours reasonably expended, the court has reviewed counsel's affidavit and the record in general. Based upon this review, the court concludes counsel reasonably expended 21.50 hours in the conduct of this litigation, the exact amount requested by counsel.

With regard to a proper hourly rate, the court begins its analysis by turning to a recent 1985 North Carolina Bar Association Survey of typical hourly rates charged by attorneys in this state, and finds the survey, as applied to plaintiff's counsel, would result in a fee of $86 per hour.[3] However, since the maximum rate allowed under the EAJA is generally $75 per hour, 28 U.S.C. § 2412(d)(2)(A)(ii), and counsel only requested that rate in his motion, the court will proceed to utilize the relevant *Johnson* and *Barber* factors to determine whether $75 per hour is reasonable for this case or should further be adjusted downward.

1. *The Novelty and Difficulty of the Questions Raised.*

Although the social security framework requires some expertise, this action involved neither novel nor difficult issues.

2. *The Skill Required to Properly Perform the Legal Services Rendered.*

Application of the social security statutes, regulations, procedures, policies and case law requires a degree of expertise and skill. *See Blankenship v. Schweiker*, 676 F.2d 116 (4th Cir.1982). However, in this case, counsel's brief was not extremely useful to the court in reviewing the administrative record.

3. *The Attorney's Opportunity Costs in Pressing the Instant Litigation.*

Although there is some opportunity cost involved with most actions, this action was decided on the record which minimizes this factor.

4. *The Customary Fee for Like Work. See supra.*

5. *The Attorney's Expectations at the Outset of the Litigation.*

After losing at the administrative level, the expectation of success, given the scope

---

**2.** A brief review of the record indicates the Secretary's concession to plaintiff's motion is justified since at both the administrative and judicial levels, the defendant failed to credit *uncontradicted* testimony of disability from the plaintiff, her previous employer and her treating physician.

**3.** The court notes that the rate schedules reflected in the survey are simply for "typical" work conducted by attorneys in North Carolina, based on their geographic location, firm size and date of admission to the bar, and do not account for the type of work performed or the skill required to perform it.

of review, could not have been high. Nonetheless, this factor is tempered by some deficiencies in the administrative record.

### 6. *The Time Limitations Imposed by the Client or Circumstances.*

Nothing in the record reflects severe time limitations resulted in pressured working conditions for counsel.

### 7. *The Amount in Controversy and the Results Obtained.*

Counsel was completely successful in obtaining the relief requested, which resulted in a substantial award for plaintiff. Thus, for a disabled individual with little or no income, the beneficial results of the favorable decision in the instant case are obvious.

### 8. *The Experience, Reputation and Ability of the Attorney.*

Counsel's work in the case *sub judice* was competent. However, the court is unaware of counsel's experience in social security cases, since counsel failed to file any background information in his affidavit.

### 9. *The Undesirability of the Case Within the Legal Community in Which the Suit Arose.*

To the extent this factor is applicable to social security actions, representation is not undesirable within this community.

### 10. *The Nature and Length of the Professional Relationship Between Attorney and Client.*

This is not relevant to this case and thus does not require adjustment of the fee.

### 11. *Attorney's Fee Awards in Similar Cases.*

Premised on awards in similar cases, the court finds the rate of $65–$75 per hour to be reasonable and in line with awards in those cases. *See, Shumate v. Harris*, 544 F.Supp. 779 (W.D.N.C.1982); *Ocascio v.*

*Schweiker*, 540 F.Supp. 1320 (S.D.N.Y. 1982); *Ex parte Duggan*, 537 F.Supp. 1198 (D.S.C.1982). In addition, this range is consistent with awards in other cases in the Eastern District of North Carolina. *See, e.g., Butler v. Heckler*, 639 F.Supp. 14 (1985); *Jones v. Heckler*, No. 83–41–CIV–7 (September 28, 1984) [Available on WEST-LAW, DCTU database]; *Cain v. Heckler*, No. 81–85–CIV–3 (May 3, 1984) [Available on WESTLAW, DCTU database].

Upon a review of the above factors, the court concludes that $70.00 per hour is the appropriate hourly rate for this case. The nature and quality of the work involved simply does not merit the maximum EAJA hourly rate. Accordingly, the base amount is computed as follows: 21.50 hours $\times$ $70 = $1,505.00. Furthermore, since this is not a case where the success achieved was "exceptional" or the risk extraordinary, *See Blum v. Stenson, supra*, plaintiff's counsel is not entitled to an enhancement award. Nor are there present any cost-of-living or special factors under the EAJA which would entitle plaintiff to an increased award. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

It is therefore ORDERED that:

1. The reasonable value of the services rendered by plaintiff's counsel properly taxable under the Equal Access to Justice Act is $1,505.00, which sum shall be paid by the United States directly to counsel for the claimant; and

2. This amount shall constitute counsel's full and only fee for representing the plaintiff in the district court in this action. This order does not preclude counsel from receiving an additional fee from the defendant for his services at the administrative level. 42 U.S.C. § 406(b)(1).[4]

SO ORDERED.

---

**4.** Plaintiff's motion for an award of fees by this court for work at the administrative level is DENIED. That decision must be made by the defendant.