**Paul W. GUTHRIE, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.**

No. 82–1957.

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1983.

Decided Sept. 19, 1983.

Charles T. Hall, Raleigh, N.C., for appellant.

John S. Koppel, Appellate Staff, Civil Division, Dept. of Justice, Washington, D.C. (J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Samuel T. Currin, U.S. Atty., Raleigh, N.C., William Kanter, Appellate Staff, Civil Division, Dept. of Justice, Washington, D.C., on brief), for appellee.

Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

**BUTZNER, Senior Circuit Judge:**

Paul Guthrie appeals from an order of the district court denying his motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA).[1] The district court held that Guthrie did not file a timely motion for attorney's fees. Furthermore, it expressed the opinion that the EAJA does not apply to Social Security cases. We reverse and remand.

## I

In April 1979, Guthrie filed an application for Social Security disability benefits. The Secretary denied his claim initially and upon reconsideration. The denial was upheld by an Administrative Law Judge after a hearing, and the Appeals Council affirmed the ALJ's decision.

Guthrie then sought judicial review pursuant to 42 U.S.C. § 405(g)[2] and filed a complaint in the district court. Both Guthrie and the Secretary moved for summary judgment. Before the district court could act on these motions, however, Guthrie and the Secretary agreed to a consent order, which the court approved, remanding the case to the Secretary for further administrative proceedings.

The Appeals Council reconsidered the application and made a new decision that was partially favorable to Guthrie. Pursuant to 42 U.S.C. § 405(g), the Secretary filed with the district court the new decision and the transcript of proceedings on remand. Because the Appeals Council's decision was only partially favorable, Guthrie renewed his motion for summary judgment and the Secretary then renewed his cross-motion.

---

1. 28 U.S.C. § 2412(d)(1)(A). The EAJA requires an award of attorney's fees to a qualified party prevailing against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

2. Section 405(g) provides in relevant part:
   Any individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action.... The court ... may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

On September 8, 1981, the district court adopted a magistrate's recommendation that the case again be remanded for the purpose of taking additional evidence. The Appeals Council then remanded the case to an ALJ. After a hearing, the ALJ issued a recommended decision that was fully favorable to Guthrie. The Appeals Council adopted this decision as the final administrative decision of the Secretary on April 28, 1982.

Despite the requirement of 42 U.S.C. § 405(g), the Secretary filed nothing with the district court concerning the outcome of the second remand. On July 29, 1982, Guthrie filed copies of the ALJ's decision on the second remand and the Secretary's final decision and moved for affirmance of the decision and entry of a final judgment. On the same date, Guthrie filed a motion, pursuant to the EAJA, for attorney's fees incurred before the district court. The Secretary opposed any award of fees under the EAJA.

The district court denied Guthrie's motion on the ground that he had not filed a timely application. The EAJA requires a party seeking fees to apply to the court within 30 days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). Guthrie's application, the court held, was filed well in excess of 30 days after its order of September 8, 1981, remanding the case to the Secretary for the second time, and the Appeals Council's decision of April 28, 1982, awarding full benefits. The court also stated, apparently as an alternative reason upon which it need not rest, that it was inclined to hold the EAJA does not apply to Social Security Act cases. Guthrie now appeals.

## II

■ Nothing in the text or legislative history of the EAJA indicates that the phrase "final judgment" was to have any meaning other than that of Fed.R.Civ.P. 54. Rule 54 defines judgment as "a decree and any order from which an appeal lies." *Accord McQuiston v. Marsh*, 707 F.2d 1082, 1085 (9th Cir.1983). Thus, the second remand order cannot be the requisite final judgment, because remand orders in Social Security cases are not final, appealable orders. *See Gilcrist v. Schweiker*, 645 F.2d 818, 818–19 (9th Cir.1981).

■ The final decision of the Appeals Council also cannot be the requisite final judgment. The EAJA draws a clear distinction between final administrative actions and final judicial actions. *Compare* 5 U.S.C. § 504(a)(2) (Cum.Supp.1983) *with* 28 U.S.C. § 2412(d)(1)(B) (Cum.Supp.1983). Indeed, the Secretary in his brief notes that he "takes the position that an administrative decision cannot constitute a 'final judgment' for purposes of the EAJA."

■ Furthermore, the procedure set forth in 42 U.S.C. § 405(g) contemplates additional action both by the Secretary and a district court before a civil action is concluded following a remand. The Secretary must file any "additional and modified findings of fact and decision, and a transcript of the additional record and testimony...." The district court then may enter a judgment affirming, modifying, or reversing the Secretary's decision. Here, the Secretary did not file anything and the district court did not enter any order, after completion of the proceedings on remand. Guthrie's application could not have been filed more than 30 days after final judgment in the action, because no final judgment was entered.

On remand the district court should direct the Secretary to file the papers required by § 405(g). When this has been done, the district court should enter a final judgment and Guthrie's attorney may reapply for fees in accordance with 28 U.S.C. § 2412(d)(1)(B).

## III

As an alternative reason for its decision, the district court stated that it was inclined to rule the EAJA does not apply to Social Security cases. Both parties fully briefed and argued this issue on appeal. Because it raises solely a question of law, we see no reason to remand this issue to the district court.

■ We disagree with the Secretary's contention that the EAJA does not apply to Social Security Act cases. Nothing in the text of the EAJA expressly excludes its application to Social Security Act cases. The legislative history makes explicit Congress's intent that although the EAJA does not apply to administrative proceedings under the Social Security Act, it does cover civil actions to review decisions of the Secretary.[3]

The House Report accompanying the EAJA states that changes were made "[t]o exclude administrative proceedings under the Social Security Act. There was much discussion whether the United States should be liable when it is a named party and represented in a civil action under the Social Security Act. The Committee decided that civil actions should be covered."[4] The debate in the House further supports this interpretation of the EAJA. During the debate, proponents of the EAJA explicitly stated that it applied to Social Security Act cases reviewed by the district courts,[5] while others unsuccessfully urged the House to remove Social Security cases entirely from the scope of the act.[6]

The Secretary also relies on language in the EAJA that makes it subject to other statutes. Section 2412(d)(1)(A) states that a court may award attorney's fees "[e]xcept as otherwise specifically provided by statute...." Section 206 of the Act provides that nothing in the EAJA "alters, modifies, repeals, invalidates, or supersedes any other provision of Federal law which authorizes an award of such fees ...."[7] The Secretary argues that this language, when combined with 42 U.S.C. § 406(b)(1), which authorizes the payment of up to 25% of a claimant's recovery to the claimant's attorney as a fee for representation, precludes the award of attorney's fees under the EAJA in Social Security Act cases.

The legislative history again belies the validity of this contention. The legislative history indicates the conditional language applies only to existing fee-shifting statutes where awards against the government are authorized.[8] Because 42 U.S.C. § 406(b)(1) is not a fee-shifting statute and does not provide for the award of attorney's fees against the government,[9] the conditional

---

**3.** *Accord Berman v. Schweiker,* 713 F.2d 1290, at 1295–1296, nn. 12 & 25 (7th Cir.1983); *Hornal v. Schweiker,* 551 F.Supp. 612, 614–15 (M.D.Tenn.1982); *McDonald v. Schweiker,* 551 F.Supp. 327, 330–32 (N.D.Ind.1982); *Shumate v. Harris,* 544 F.Supp. 779, 781–82 (W.D.N.C. 1982); *Ocasio v. Schweiker,* 540 F.Supp. 1320, 1321–23 (S.D.N.Y.1982) (appeal dismissed); *Wolverton v. Schweiker,* 533 F.Supp. 420, 422–23 (D.Idaho 1982). *But see Dixon v. Schweiker,* No. 82–22 (E.D.Va., April 28, 1983); *Kronheim v. Schweiker,* No. 81–325 (S.D.Fla., Aug. 30, 1982); *Nichols v. Schweiker,* No. 81–818 (W.D.Wash., April 7, 1982); *Ritchie v. Schweiker,* No. 80–4053 (N.D.Iowa, Dec. 18, 1981).

**4.** H.R.Rep. No. 1418, 96th Cong., 2d Sess. 12 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4991. *See also* H.R.Conf.Rep. No. 1434, 96th Cong., 2d Sess. 23 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 5012:

> The conference substitute defines adversary adjudication as an agency adjudication defined under the Administrative Procedures Act where the agency takes a position through representation by counsel or otherwise. It is intended that this definition precludes an award in a situation where an agency, e.g., the Social Security Administra-

tion, does not take a position in the adjudication. If, however, the agency does take a position at some point in the adjudication, the adjudication would then become adversarial.

**5.** *See, e.g.,* 126 Cong.Rec. H10220 (daily ed. Oct. 1, 1980) (statement of Rep. Railsback) (The EAJA would "limit recovery only to [Social Security Act] actions where they went into the Federal district court."); *id.* at H10224 (statement of Rep. McDade) ("This bill only allows awards [in Social Security Act cases] in the court[s].").

**6.** *See id.* at H10220, H10224 (statements of Rep. Pickle).

**7.** Section 206 of Pub.L. No. 96–481, 94 Stat. 2330. This section was not codified but is set forth in the notes to 28 U.S.C.A. § 2412.

**8.** H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 4997.

**9.** The purposes of 42 U.S.C. § 406(b)(1) were to limit contingency fees, which had grown inordinately large, and to insure that attorneys would receive some fees for their representation. *See*

language of the EAJA does not foreclose its application to Social Security Act cases.[10]

## IV

We express no opinion on the merits of the fee application and hold only that it was not untimely and that it was within the purview of the EAJA.[11] We reiterate, however, that fees cannot be allowed for services rendered in the administrative proceedings. The district court can consider only services in connection with the judicial proceedings. In the district court the government's position generally is established at the administrative level and judicial review is limited to consideration of the administrative record by cross motions for summary judgment. Therefore, the government's position in the district court normally would be substantially justified if, as is usual, the United States attorney does no more than rely on an arguably defensible administrative record. In such a situation, the EAJA would not require an award of attorney's fees. Moreover, entry of summary judgment for the claimant raises no presumption that the government's position was not substantially justified. *See Tyler Business Services, Inc. v. NLRB,* 695 F.2d 73, 75 (4th Cir.1982). It is possible, however, for the administrative record to be so deficient that the government would not be substantially justified in relying on it. *See McDonald v. Schweiker,* 551 F.Supp. 327, 332–33 (N.D.Ind.1982).

The judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.

---

S.Rep. No. 404, 89th Cong., 1st Sess. 422 (1965), *reprinted in* 1965 U.S.Code Cong. & Ad.News 1943, 2062.

**10.** *See supra* cases cited in note 3.

**11.** Parenthetically we note that Guthrie's counsel properly has disclaimed any intention to seek a double award of attorney's fees for work in the courts under the EAJA and 42 U.S.C. § 406(b)(1). If fees are allowed under the EAJA, Guthrie's counsel would be entitled to

retain that portion of the award under 42 U.S.C. § 406(b)(1) allocable to his services during the administrative proceedings, because the EAJA does not award fees for work at the administrative level in Social Security cases. Any award received by Guthrie's counsel under the EAJA for work in court, however, must be used to reimburse Guthrie up to the amount awarded under 42 U.S.C. § 406(b)(1) allocable to Guthrie's counsel's services in court.