Ruby **STANFORD**

v.

Richard S. **SCHWEIKER.**

Civ. No. N–82–424 **(PCD).**

United States District Court,
D. Connecticut.

Dec. 13, 1984.

Whitney M. Lewendon, New Haven, Conn., for plaintiff.

Thomas J. Riley, Asst. U.S. Atty., New Haven, Conn., Samuel C. Fish, Dept. of Health & Human Serv., Boston, Mass., for defendant.

## RULING ON MOTION FOR ATTORNEY'S FEES

DORSEY, District Judge.

Plaintiff moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), on grounds that the position of the Secretary of Health and Human Services in denying her application for benefits and contesting her appeal to this court was not "substantially justified." This court agrees and awards fees in the amount of $3,712.50.

*Facts*

Plaintiff applied for disability benefits on October 27, 1980, claiming an inability to engage in substantial gainful activity due to arthritis, swelling of the joints and a nervous condition. Following a hearing, the Administrative Law Judge (ALJ) concluded that neither plaintiff's physical condition (diagnosed as lumbosacral syndrome) nor her mental condition rendered her disabled within the meaning of Section 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A). After considering additional evidence, the Appeals Council approved the ALJ's decision. Plaintiff then brought this action under 42 U.S.C. § 405(g). On May 14, 1984, this court granted plaintiff's motion for summary judgment and denied defendant's cross-motion, holding that—contrary to applicable law—the secretary erroneously rejected essentially uncontradicted opinions of treating and examining physicians that plaintiff was both physically and mentally disabled.

Judgment entered on May 17, 1984, and this motion was timely filed thereafter.

*Discussion*

■ Under the EAJA, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). While administrative proceedings under the Social Security Act are expressly excluded from coverage, the EAJA is applicable to civil actions seeking judicial review of the secretary's social security determinations. H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10, 12, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4953, 4991 (House Report). *See, e.g., McGill v. Secretary,* 712 F.2d 28, 30 (2d Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984); *Cunningham v. Heckler,* 587 F.Supp. 43, 44–45 (D.Conn.1984); *Davis v. Heckler,* Civil No. H–83–746 (D.Conn. October 28, 1984); *Ocasio v. Schweiker,* 540 F.Supp. 1320, 1321–22 (S.D.N.Y.1982). Undisputedly plaintiff is the "prevailing party" and has incurred the fees requested. The issue is thus whether the government's position was "substantially justified."

According to the legislative history:

The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in fact and law, no award will be made.

House Report 1418 at 10, *reprinted in* 1980 U.S.Code Cong. & Ad.News at 4989.

A pertinent, significant, but unresolved issue involving the application of the EAJA to social security appeals is whether the government's "position," 28 U.S.C. § 2412(d)(1)(A), refers to its litigation position or its underlying administrative posture.[1] In *Boudin v. Thomas,* 732 F.2d

---

1. Indeed, the legislation passed by Congress but recently vetoed by the President which could

1107, 1115–16 (2d Cir.), *reh'g denied,* 737 F.2d 261 (2d Cir.1984) (habeas proceeding challenging on constitutional grounds conditions of confinement), our Court of Appeals held that the position asserted by the government in court is what is relevant for EAJA purposes generally. However, the principal authority upon which *Boudin* relied as well as other reasoned opinions issued both prior and subsequent to *Boudin* view this distinction as irrelevant to the large class of cases, including social security appeals, in which "the litigation position of the United States ... [is simply] that its underlying action was legally justifiable," *Spencer v. NLRB,* 712 F.2d 539, 551–52 nn. 45, 46 (D.C.Cir.1983), *cert. denied,* ─── U.S. ───, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984) (the distinction in such cases "is academic"). *See, e.g., Tripodi v. Heckler,* 100 F.R.D. 736, 739 (E.D.N.Y.1984) (the distinction is "not decisive" where the government's position in court is that the agency's denial was proper); *Cornella v. Schweiker,* 728 F.2d 978, 982–83 (8th Cir.1984) (the issue makes "no functional difference"); *Grand Blvd. Improvement Co. v. City of Chicago,* 553 F.Supp. 1154, 1162 (N.D.Ill. 1982) (in many cases the issue makes a mountain our of a mole hill); *Ceglia v. Schweiker,* 566 F.Supp. 118, 123 (E.D.N.Y. 1983); *Cunningham,* 587 F.Supp. at 45 ("the distinction ... need not be made"); *Vereen v. Heckler,* Civ. No. N–83–294 (D.Conn. Sept. 4, 1984) (awarding fees where government failed to show its agency or litigation posture was substantially justified). *But see Davis* (applying the *Boudin* rule in the social security appeal context).

Ordinarily "the governmental action that precipitates the controversy almost invariably *is* its litigating position." *Spencer,* 712 F.2d at 551 (emphasis in original). To make what may be an arbitrary or artificial distinction between agency behavior and the government's litigating posture runs the risk of torturing the EAJA's plain defi-

nition of "substantially justified." *See, e.g., Guthrie v. Schweiker,* 718 F.2d 104, 108 (4th Cir.1983) (holding that for purposes of the applicability of the EAJA to social security appeals the government's position in the district court normally would be substantially justified if, as is usual, the United States Attorney does no more than rely on an "arguably defensible" administrative record). A prevailing social security appellant's rights under the EAJA, and the concomitant government obligation, should not be decided on the basis of such a distinction, but, as noted in *Cornella,* 728 F.2d at 983, "we must examine the evidence and law surrounding the Secretary's decision to deny ... disability benefits in order to decide whether the government's defense of that denial was substantially justified."

■ In granting plaintiff's motion for summary judgment, the ALJ's finding that her pain was not disabling was held to have improperly ignored the wholly uncontradicted evidence of both her treating physician and the secretary's examining physician. This finding was based in part on the ALJ's observation of plaintiff during the hearing—an observation which is entitled to limited and not determinative weight, *Carroll v. Secretary,* 705 F.2d 638, 643 (2d Cir.1983); *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979)—and in part on an apparent misreading of the opinion of the examining physician that "at the present time, [the plaintiff] is unable to work, however, she would be in the future a candidate for a sedentary type of job." (Transcript at 120). The ALJ misconstrued this report as a recommendation that plaintiff was *presently* a candidate for sedentary work, rather than "unable to work" because of pain as the report expressly stated. Thus, the ALJ's decision was contrary to rules of law well settled in this circuit that deem controlling the uncontradicted reports of treating and examining physicians, *see, e.g.,*

extend the EAJA to actions brought after October 1, 1984, addresses this issue. It has been reported that the veto was principally based on the Bill's proposed redefinition of the term "po-

sition of the government" to authorize fee awards in any successful challenges to the underlying agency action which precipitated the litigation. *Legal Times,* at 2 (Nov. 19, 1984).

*Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980); *Bastien v. Califano,* 572 F.2d 908, 912 (2d Cir.1978); *Hankerson v. Harris,* 636 F.2d 893 (2d Cir.1980), and provide that subjective pain may establish disability even where the pain is unsupported by clinical or medical findings. *Marcus,* 615 F.2d at 27. This was not a case where the ALJ gave undue weight to insubstantial evidence conflicting with plaintiff's claims or where minds might differ on whether contrary evidence was substantial or insubstantial; he instead made an adverse finding on a record bereft of conflicting evidence. In such a case, the government's position cannot be deemed "substantially justified." As there was no basis in fact or law by which the secretary's decision could be sustained, "the government's defense of [the] denial [cannot be found to be] substantially justified." *Cornella,* 728 F.2d at 983.

The court's prior ruling that the secretary's decision was not supported by substantial evidence is, of course, not determinative of this motion. Nonetheless, the fact that the ruling was based upon the secretary's fundamental misconceptions of fact and well-settled governing law, *see San Filippo v. Secretary,* 564 F.Supp. 173, 175 (E.D.N.Y.1983) (granting attorney's fees in a similar fact pattern), rather than less compelling grounds, *see Davis,* slip op. at 5 (denying fees where error principally ascribed to the government's placing undue weight on questionable evidence in conflict with plaintiff's claims), warrants an award of fees.

As the government has not shown either that its position is substantially justified—i.e. that its position below or in this appeal had a reasonable basis in both fact and law—or that special circumstances make an award unjust, an award of attorney's fees in the amount of $3,712.50 is in order as the product of 49.5 hours reasonably performed at the statutory maximum and herein reasonable rate of $75 per hour.

SO ORDERED.