**Nelda F. RUSHING, S.S. # 238–38–6171, Plaintiff,**

**v.**

**Margaret M. HECKLER, Secretary, United States Department of Health and Human Services, Defendant.**

**No. C–C–83–177–M.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

April 18, 1985.

Douglas Stuart Sea, Legal Services of Southern Piedmont, Inc., Charlotte, N.C., for plaintiff.

Richard S. Poe, Asst. U.S. Atty., Charlotte, N.C., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR FURTHER RELIEF

McMILLAN, District Judge.

Plaintiff Nelda F. Rushing initially was determined by the Social Security Administration to have become disabled on July 14, 1978, and payment of benefits was commenced. By letter dated November 20, 1981, she was informed that her disability was determined to have ceased in October, 1981, and her payments were discontinued. She appealed the termination of disability benefits and, on August 5, 1982, appeared at a hearing before an administrative law

judge (ALJ) who on August 24, 1982, found that plaintiff has sufficient residual functional capacity to do at least light work and upheld the termination of benefits. Following Appeals Council action upholding the ALJ's determination, plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the Secretary's decision to terminate benefits.

On September 14, 1983, this court remanded the case to the Secretary for the following reasons: (1) The Secretary's decision was not supported by substantial evidence because the ALJ incorrectly discounted the evidence from the plaintiff's treating physician that plaintiff "is obviously, totally disabled"; and (2) the Secretary failed to consider the effects of plaintiff's chest pains on her ability to do substantial gainful activity. The case was remanded with instructions to conduct proceedings consistent with the order and to allow plaintiff to present additional evidence, including testimony before the ALJ.

On January 9, 1985, over a year and four months after remand, plaintiff filed a "motion for further relief" in which she stated that after the court's remand in September, 1983, the Appeals Council did not remand the case to an ALJ for over six months, until March 22, 1984. On July 2, 1984, the ALJ issued a recommended decision fully favorable to the plaintiff. The ALJ apparently found that plaintiff's psychiatric impairment meets or equals a listing in the regulations.

As of January 9, 1985, the Appeals Council had not acted either to adopt or to reject the ALJ's recommended decision. Instead, on November 21, 1984, defendant sent plaintiff a notice that her case would once again be reviewed pursuant to the Social Security Disability Benefits Reform Act of 1984 and gave her the option of electing receipt of interim benefits. Plaintiff has not elected interim benefits because she objects to defendant's failure to act immediately on her case in accordance with this court's remand order of September, 1983.

The Social Security Disability Reform Act of 1984 ("the 1984 Act") was drafted and passed for the explicit purpose of providing "for necessary reforms in the administration of the social security disability insurance program." Congress directed its attention to the program "primarily because of the numbers of beneficiaries whose benefits have been terminated." House Report No. 98–618, "Purpose and Scope" reprinted in *U.S. Code Congressional and Administrative News*, 3038 at 3039 (December, 1984). The purpose of the new legislation was to benefit disability claimants by insuring "that no beneficiary loses eligibility for benefits as a result of careless or arbitrary decision-making by the Federal government" and by providing "a more humane and understandable application and appeal process for disability applicants and beneficiaries appealing termination of their benefits." *Id.* A "more humane and understandable" appeals process would produce prompt decisions.

The 1984 Act instituted new standards for termination of benefits by the Secretary. Section 2(d)(2)(C) of the 1984 Act provided that the amendments setting out these standards shall apply to (and require remand of)

> determinations with respect to which a request for judicial review was pending on September 19, 1984, and which involve an individual litigant. . . .

and which were "actions relating to medical improvement."

Additionally, Section 2(d)(4) of the 1984 Act requires that whatever decision is made by the Secretary on a case remanded pursuant to the 1984 Act is to be regarded as a "new decision" on the claim for benefits. Any review of that new decision in this court may be sought only after conformance with the administrative requirements of the Social Security Act and regulations and by filing a new complaint pursuant to the requirements of 42 U.S.C. § 405(g).

What Congress meant by "determinations with respect to which a request for judicial review was pending on September 19, 1984" is not explained in the act itself or in the legislative history. However, case law of this circuit on a related question and the broad nature of the 1984 Act

itself lead this court to the conclusion that this case was "pending" under the meaning of Section 2(d)(2)(C) on September 19, 1984.

■ Under decisions of this Circuit, "remand orders in Social Security cases are not final, appealable orders." *Guthrie v. Schweiker,* 718 F.2d 104, 106 (4th Cir.1983). Though *Guthrie* dealt specifically with the finality requirement for application for attorney fees under the Equal Access to Justice Act, the reasoning of the case indicates that cases which have only been remanded remain "pending" on the district court docket, awaiting the subsequent filings required of the Secretary under 42 U.S.C. § 405(g). Those filings not having been made as of September 19, 1984, the original request for judicial review was still "pending" in the administrative-judicial bureaucracy on that date.

Given the Secretary's extended delays in acting on this court's September, 1983, remand order, this may appear to be an unjust result in this particular case. However, the broad nature of the categories covered by the statutory requirement of remand appear to mandate such a result. Judge DuPree and Judge Richard Ervin, two well respected district judges of this Circuit, have already so ruled. *Gaskins v. Heckler,* No. 83–44–CIV–7 (E.D.N.C., January 10, 1985); *Nelson v. Heckler,* No. C–83–362–R (M.D.N.C., January 14, 1985).

In addition, this case meets the second requirement because it is an action "relating to medical improvement." Although the court's 1983 remand and the filings prior to that remand did not explicitly address the issue of "medical improvement," the ALJ whose decision was being reviewed made findings that the plaintiff's disability had "ceased." Such a finding requires an evaluation of "medical improvement."

■ In summary, the court finds *reluctantly* that this case is one which must be remanded according to the dictates of the Social Security Disability Benefits Reform Act of 1984, because the case is one as to which "a request for judicial review was pending on September 19, 1984," and is an action relating to medical improvement.

The court points out, however, that it has been over three years since plaintiff's benefits were terminated; a year and a half since this court found that the plaintiff's treating physician's opinion that plaintiff is "obviously, totally disabled" was supported by clinical and laboratory findings throughout the record; and over six months since the Secretary's own ALJ found that plaintiff's impairment meets or equals a listed impairment and recommended that her disability benefits be reinstituted.

The court reminds plaintiff that some of the harm to plaintiff may be allayed by immediate acceptance of the Secretary's offer of interim benefits. However, the court urges the Secretary to act with deliberation *and* speed in reaching a final decision.

IT IS THEREFORE ORDERED that plaintiff's motion for further relief is DENIED.