813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thelma R. RUTLAND, Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health, Education &
Welfare, Appellee.
 No. 86-1542.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 17, 1986.
Decided Sept. 2, 1986.
 
 Before PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.
 Mary J. Wiesen-Kosinski, for appellant.
 Cheryl Nikonovich-Kahn, Assistant Regional Attorney, United States Department of Health and Human Services, for appellee.
 PER CURIAM:
 
 
 1
 Thelma R. Rutland, the claimant, appeals an order of the district court denying her motion for entry of a final order. The parties on appeal have joined in a motion requesting this Court to remand this case to the district court for entry of a final order.[1]
 
 
 2
 The claimant filed an application for disability insurance benefits on April 13, 1977. An Administrative Law Judge (ALJ) determined that the claimant was entitled to a period of disability insurance benefits as of June 7, 1980. The claimant appealed this decision to the district court. On October 14, 1983 the court issued its decision. The court affirmed the Secretary's decision granting a period of disability commencing June 7, 1980, and denying a period of disability between June 1975 and May 1978. The court further remanded to the Secretary for additional consideration whether the claimant was entitled to a closed period of disability commencing in June 1978 through February 1980. On remand the ALJ held a hearing and determined the claimant was entitled to disability benefits commencing June 13, 1978. The Appeals Council adopted the ALJ's decision and a supplemental transcript of the hearing was filed in the district court. 42 U.S.C. Sec. 405(g).
 
 
 3
 Subsequently, the claimant filed a motion in the district court requesting the entry of a final order so that an appeal from the court's determination that the claimant was not disabled as of June 1975 could be perfected. The Secretary opposed the motion. The district court denied the motion. It held that if the claimant was dissatisfied with the court's earlier order respecting benefits as of June 1975 she should have appealed the decision at that time since the earlier decision constituted a final order. The district court, relying on Hooper v. Heckler, 752 F.2d 83 (4th Cir.1985), therefore refused to enter a final order.
 
 
 4
 We must first address the appealability of the district court's order denying the motion to enter final judgment.
 
 
 5
 Section 405(g) of 42 U.S.C. sets forth the boundaries of this Court's jurisdiction in an appeal of the district court's decision in a social security case. Pursuant to Sec. 405(g) the district court's decision "shall be subject to review in the same manner as a judgment in other civil actions." Under 28 U.S.C. Sec. 1291, this Court in civil actions has jurisdiction to review final decisions of the district court. A final judgment disposes of all issues in the dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).
 
 
 6
 In this case the district court's order is not a final judgment since it fails to end the litigation on its merits and is in fact entirely separate from the merits. Rather, the order by its terms puts off the end of the litigation indefinitely. Thus, there is no final order to appeal from and under normal circumstances the appeal must be dismissed.[2]
 
 
 7
 We, however, have jurisdiction over this appeal under the "collateral order" exception first recognized in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949). To fall within the "collateral order" exception the order must satisfy three conditions. It must: (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) "be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). The "collateral order" rule is a "narrow exception" to the normal finality requirement, Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981), and the test is usually strictly applied. See Richardson-Merrell, Inc. v. Koller, --- U.S. ----, 53 U.S.L.W. 4773, 4775 (June 17, 1985) (strictly applied when parties pursue immediate appeals of trial court rulings on motions to disqualify counsel).
 
 
 8
 Even though we strictly and narrowly apply this exception, we find the situation presented in this case satisfies the conditions. First, the order in question conclusively determined the district court was not obligated to enter a final judgment. Second, the issue of whether the district court must enter a final judgment is completely separate from the merits of the action. Finally, since no final judgment will be entered without action by this Court, if we do not review the order now we never will, and consequently this Court will be denied an opportunity to review the merits of the proposed appeal as envisioned by Sec. 405(g). The order is a "collateral order" within the meaning of Cohen.
 
 
 9
 We next analyze whether the district court correctly refused to enter a final judgment in this case. Generally, remand orders in social security cases are not final appealable orders. Guthrie v. Schweiker, 718 F.2d 104 (4th Cir.1983) (discussed in the context of an award of attorney fees under the Equal Access to Justice Act); see Bohms v. Gardener, 381 F.2d 283 (8th Cir.1967) (Blackmun, J.), cert. denied, 390 U.S. 964 (1968); Dalto v. Richardson, 434 F.2d 1018 (2d Cir.1970), cert. denied, 401 U.S. 979 (1971); Gilcrest v. Schweiker, 645 F.2d 818 (9th Cir.1981); see also Marshall v. Celebrezze, 351 F.2d 467 (3rd Cir.1965); Mayersky v. Celebrezze, 353 F.2d 89 (3d Cir.1965). As Justice Blackmun wrote in Bohms, supra, at 285,
 
 
 10
 [u]ntil the Secretary acts on the remand we have no insight as to what his eventual decision will be. Thus, in the words of Catlin v. United States, supra, the litigation had not reached its end on the merits and there is more for the court to do than execute the judgment....
 
 
 11
 This Court in Guthrie, supra, noted that under 42 U.S.C. Sec. 405(g), following a remand further action is contemplated by both the Secretary and the district court. "On remand the district court should direct the Secretary to file the papers required by Sec. 405(g). When this has been done, the district court should enter a final judgment...." Guthrie, supra, at 106.[3] Thus, following a remand the district court may have a statutory obligation to review the papers filed by the Secretary and enter a final judgment. Guthrie, supra, at 106; see Brown v. Secretary of Health and Human Services, 747 F.2d 878, 884 (3d Cir.1984); Miller v. United States, 753 F.2d 270, 274 n. 1 (3d Cir.1985). Additionally, a district court must enter a final judgment if a party requests it in order to perfect an appeal.
 
 
 12
 In some cases, however, an order remanding a case to the Secretary may be immediately appealable as a "collateral order." The Fifth Circuit has adopted this view in cases where the district court not only reversed the Secretary's decision but also established evidentiary standards to be applied on remand. Cohen v. Perales, 412 F.2d 44, 48 (5th Cir.1969), rev'd on other grounds sub nom., Richardson v. Perales, 402 U.S. 389 (1971); Gold v. Weinberger, 473 F.2d 1376 (5th Cir.1973). This exception also applies if a separate legal issue is finally decided by the district court. If an immediate appeal is not allowed from a potentially wrong legal decision, a wasted proceeding might result below from which the Secretary may not be able to appeal. Stone v. Heckler, 722 F.2d 464, 467 (9th Cir.1983); Regents of University of California v. Heckler, 771 F.2d 1182 (9th Cir.1985). Unlike the Fifth and Ninth Circuit cases, however, the district court in this case did not decide legal issues but rather remanded the case for further consideration of the facts by the Secretary. Moreover, the district court merely affirmed the Secretary's findings on the issue which the claimant now seeks to appeal. The only issues finally decided by the district court were whether the claimant was entitled to benefits during certain periods. Those issues are reviewable following action on the remand by the Secretary and entry of a final judgment by the district court. Reviewing the decision after entry of a final judgment avoids piecemeal appeals and conserves judicial resources especially in a case like this where if the early review is required the remand would still proceed since neither party sought to appeal from the remand order. Thus, an appeal could be filed from the decision on remand.
 
 
 13
 In support of its decision denying the motion the district court relied on Hooper v. Heckler, 752 F.2d 83 (4th Cir.1985). In Hooper, the district court had held that the claimant had established a prima facie case of disability and remanded the case for the Secretary to rebut this finding by showing that the claimant had the residual functional capacity to perform an alternative job. Instead, the Secretary determined that the claimant had not established a prima facie case. The Fourth Circuit held this to be error.
 
 
 14
 The district court's holding that Hooper had advanced a prima facie case was final and not subject to review by the Secretary. 42 U.S.C. Sec. 405(g). If the Secretary was dissatisfied with any part of the district court's order, the remedy was to appeal the case and not, under the guise of a hearing, to relitigate a question already finally decided by the district court.
 
 
 15
 Hooper, supra, at 88 (emphasis added). The district court misplaced its reliance on Hooper. Hooper did not address the issue of finality in the social security context. Hooper merely held a district court's determination of an issue is final vis-a-vis the Secretary on remand and the Secretary must appeal the case in order to challenge that determination. Since the appeal in Hooper came after the remand and after the district court entered a final judgment it is possible to harmonize the holding in Hooper with the holding in Guthrie that the time to appeal following a remand is after entry of a final order. Nothing in Hooper implies the contrary, although by failing to appeal following a final judgment a party loses the opportunity to challenge a prior ruling.
 
 
 16
 Accordingly, we vacate the district court's order denying the motion to enter a final judgment and remand this case to the district court with instructions that a final judgment be entered so that an appeal may be perfected. Because the issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 17
 Vacated and Remanded.
 
 
 
 [1]
 Otis R. Bowen has succeeded Margaret M. Heckler as Secretary of Health and Human Services and shall be substituted as the defendant in this suit. 42 U.S.C. Sec. 405(g)
 
 
 [2]
 An order denying a motion to enter final judgment is ordinarily non-appealable. Steccone v. Morse-Starrett Products Co., 191 F.2d 197, 199 (9th Cir.1951)
 
 
 [3]
 Guthrie, supra at 106, further stated that: "[t]he Secretary must file any additional and modified findings of fact and decision, and a transcript of the additional record and testimony.... The district court then may enter a judgment affirming, modifying, or reversing the Secretary's decision."