802 F.2d 451
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dorothy M. RICHARDSON, Appellant,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellee.
 No. 85-1651.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 12, 1986.
Decided Sept. 30, 1986.
 
 Dorothy M. Richardson, appellant pro se.
 J. Frederick Motz, United States Attorney. John G. Douglass, Assistant United States Attorney, for appellee.
 D.Md.
 REMANDED.
 Before WIDENER, PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dorothy M. Richardson appeals pro se the judgment of the district court upholding a denial of social security disability benefits by the Secretary of Health and Human Services. Because we are unable to ascertain the basis for the district court's affirmance of the Secretary's disposition of Richardson's application for benefits, we remand this case to the district court for an elaboration of its findings and explanation of its reasons for affirming the Secretary's determination.
 
 
 2
 This case has enjoyed a long procedural history. Richardson suffers from a variety of ailments including back pain, pain in her knee joints, leg swelling, chest pains and pains from a peptic ulcer. Originally, the Secretary denied Richardson's applications for benefits, and Richardson filed a complaint in district court pursuant to 42 U.S.C. Sec. 405(g). The parties consented to review by a magistrate, and the Secretary filed a motion for summary judgment. The magistrate found that substantial evidence did not support the Secretary's finding that Richardson did not have a severe impairment and was not disabled. The magistrate therefore denied the motion for summary judgment and remanded the case to the Secretary for implementa tion of the sequential analysis set forth in 20 C.F.R. Sec. 404.1520.
 
 
 3
 On remand the Administrative Law Judge (ALJ) who reviewed the case held a hearing and found Richardson did not suffer from a severe impairment.[1] Despite that conclusion, the ALJ continued with the sequential analysis and found that Richardson could return to her former work as a nurse's aide and was therefore not entitled to benefits. The Appeals Council affirmed that decision. Subsequently, the district court received a letter from the Secretary forwarding to the court a copy of the supplemental hearing transcript and a proposed order affirming the Secretary's decision unless Richardson moved to reopen the case within thirty days. The district court signed the order, and Richardson did not move to reopen the case.
 
 
 4
 Ordinarily, a remand order merely remands the Secretary's decision for further proceedings and is not an appealable final judgment. Guthrie v. Scheweiker, 718 F.2d 104 (4th Cir. 1983). Following a remand 42 U.S.C. Sec. 405(g) contemplates further action by the Secertary and the district court. In Guthrie, supra, at 106, this Court determined that following a remand "[t]he Secretary must file 'any additional and modified findings of fact and decision, and a transcript of the additional record and testimony .... ' The district court then may enter a judgment affirming, modifying, or reversing the Secretary's decision." In his treatise on social security claims and procedures Harvey L. McCormick, after noting that in a substantial number of remand cases the secretary's subsequent decision is favorable to the claimant, writes:
 
 
 5
 A proper remand order should not act on the Motion for Summary Judgment or Motion to Dismiss pending before the Court. Instead, these motions should be held in abeyance and the case remanded to the Secretary for the desired action. After the Secretary has made his final decision upon remand, then the Court should proceed to rule on the pending motion if it is then necessary.
 
 
 6
 2 H.L. McCormick, Social Security Claims and Procedures, Sec. 739, at 356 (3d. ed. 1983). Richardson, who was proceeding pro se, failed to move to reopen the case, but that should not have pre vented the district court from reviewing the Secretary's action to determine if it was supported by substantial evidence. The fact Richardson was proceeding pro se should have made the district court even more zealous in protecting her rights to proper review.[2]
 
 
 7
 The cursory nature of the district court's opinion makes it impossible to determine whether it undertook any review at all of the Secretary's decision or whether it merely entered the order affirming the Secretary's decision at the request of the Secretary. The fact that the district court gave Richardson the opportunity to reopen the case makes it appear as if the district court did not conduct even the limited review required of it in the social security context. We prefer to follow the statutory order of review and decline to address the issue of whether substantial evidence supported the Secretary's decision in the first instance on appeal. We note, however, that the Secretary's determination that Richardson does not have a severe impairment, after the magistrate determined in its remand order that she did have a severe impairment, seems contrary to our holding in Hooper v. Heckler, 752 F.2d 83, 88 (4th Cir. 1985). Whether the Secretary's determination that Richardson can return to her former employment as a nurse's aide is supported by substantial evidence we leave for the district court to determine.
 
 
 8
 Accordingly, this case is remanded to the district court for clarification of the reasons for its decision affirming the Secretary. Because the issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 9
 REMANDED.
 
 
 
 [1]
 On remand the ALJ received additional medical evidence. He also consolidated the action with Richardson's request for a hearing on denials of reconsideration pertaining to applications for benefits filed after the applications that were the subject of the district court's remand
 
 
 [2]
 Richardson's intent to seek review of the Secretary's denial of benefits was clear since she filed a premature notice of appeal to this Court on June 3, 1985, which was prior to the district court's June 10, 1985 order affirming the Secretary's decision. Following the June 10 order she filed an informal brief in this Court to which the Secretary responded