838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ora L. SIZEMORE, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 87-2588.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 25, 1988.
Decided Jan. 25, 1988.
 
 Alan Rosenblum (Rosenblum and Rosenblum on brief) for Appellant; Deborah Fitzgerald, Assistant Regional Counsel, Region III, Office of the General Counsel, Department of Health & Human Services (Beverly Dennis, III, Chief Counsel, Region III; James C. Newman, Supervisory Assistant, Regional Counsel; Henry E. Hudson, United States Attorney; Paula P. Newett, Assistant United States Attorney on brief) for Appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The question presented by this appeal is whether plaintiff is entitled to an award of counsel fees for her successful effort to resist the Secretary's demand that she refund an overpayment of social security benefits.
 
 I.
 
 2
 In 1975, an Administrative Law Judge determined that Jack Sizemore was entitled to Social Security benefits, stemming from his disability, as of April 1974. On November 3, 1975, the Social Security Administration (Administration) sent three award certificates to Ora L. Sizemore, Jack's wife, which included a "rider" informing her that while her income rendered her ineligible for benefits, she would nonetheless receive the same benefits, as if she were eligible, for the use of her two children. The rider further required Mrs. Sizemore to inform the Administration of any significant changes in income or if a child left the household group.
 
 
 3
 Mrs. Sizemore informed the Administration in the spring of 1981 that one of her two sons, Kevin, would soon enter college. Because her son had turned 18 years old, he was no longer eligible for benefits notwithstanding his student status. While Kevin's disqualification for benefits reduced the family's overall need for the period from August 1981 through March 1982, the benefits Mrs. Sizemore received actually increased. In February 1982, the Administration unilaterally terminated payments claiming that Jack was no longer disabled. However, on September 27, 1982, an Administrative Law Judge reversed the Administration's decision.
 
 
 4
 On December 14, 1982, Mrs. Sizemore visited a Social Security Office in Washington D.C. to inquire as to why she had received no payments. When she informed the clerk that her annual income exceeded $19,000 in 1982, the clerk told her that her income rendered her ineligible for benefits and that she should return the retroactive payment of $1616 she would soon receive. Mrs. Sizemore then telephoned the Social Security Office in Manassas, Virginia for clarification. She was informed that she would not receive a Social Security check to which she was not entitled. On February 5, 1983 Mrs. Sizemore received the retroactive payment of $1616 and a notice that she would receive benefits of $236 per month. Without further inquiry, Mrs. Sizemore accepted and cashed these checks.
 
 
 5
 On the basis of Annual Report of Earnings forms submitted in June 1983 for the years 1975 through 1982, Mrs. Sizemore was informed that she had accrued an overpayment of $4976 for the years in question. An ALJ reversed this determination in part, holding that for the period before December 1982, Mrs. Sizemore was without fault and therefore could keep the overpayment. Because Mrs. Sizemore had been informed in December 1982 that the retroactive payment of $1619 should be returned, the ALJ ruled that she was not without fault for keeping payments made thereafter. Mrs. Sizemore then sought review of the ALJ's decision in the district court, and it, adopting the report of a magistrate, reversed the ALJ's determination that Mrs. Sizemore was not without fault for payments received after December 1982. It was of the view that since Mrs. Sizemore had testified that she made further telephone inquiry to ascertain her eligibility for benefits, the ALJ could not reject her testimony when he lacked any basis on which to challenge her credibility. Mrs. Sizemore then moved for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412. The district court denied the motion on the ground that while ultimately proven incorrect, the government's claim that Mrs. Sizemore was not without fault, was reasonable. Mrs. Sizemore appeals. We affirm.
 
 II.
 
 6
 Under the EAJA, a party may recover attorney's fees for actions by or against the United States, brought in any court having jurisdiction "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. Sec. 2412(d)(1)(A). To determine whether a position of the United States is "substantially justified," we employ a de novo standard of review. Pullen v. Bowen, 820 F.2d 105 (4 Cir.1987). Because the EAJA does not cover fees and costs incurred during administrative proceedings, but does cover judicial review of administrative proceedings, Guthrie v. Schweiker, 718 F.2d 104, 107 (4 Cir.1983), the issue before us is necessarily limited to whether, notwithstanding the district court reversal of the ALJ decision not to waive overpayments made after December, 1982, the government's position that those overpayments should not have been waived was substantially justified.
 
 
 7
 Under 20 C.F.R. Sec. 404.507, a recipient of Social Security benefits is not entitled to have overpayments waived, if the recipient is "not without fault." Id. The recipient of an overpayment is not without fault if the recipient "knew or could have been expected to know [the overpayment] was incorrect." Id. The question arises, therefore, whether the government was substantially justified in its belief that Mrs. Sizemore was not without fault.
 
 III.
 
 8
 We conclude that the government was substantially justified in its belief that Mrs. Sizemore was not without fault. She had been expressly informed in December 1982 that due to her income the benefits she would soon receive were overpayments and should be returned. While Mrs. Sizemore then called another Social Security office for clarification, there was no evidence that she informed that office of her income and the number of beneficiaries on the account. Even though the district court concluded that this second inquiry renders Mrs. Sizemore without fault, it is manifest that the proof was not so conclusive that the government unjustifiably litigated the issue.
 
 
 9
 AFFIRMED.