Winston GREEN, SSN 235–
66–2429, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 88–0142–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

Jan. 13, 1992.

As Amended Jan. 21, 1992.

Martin Wegbreit, Castlewood, Va., for plaintiff.

Jean M. Barrett, Asst. U.S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

CONRAD, United States Magistrate Judge.

This case is before the court for the consideration of plaintiff's petition for approval of an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The case involved plaintiff's appeal of the final decision of the Secretary of Health and Human Services (Secretary) regarding the issue of whether plaintiff was disabled and eligible for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 *et seq.* Jurisdiction of this court exists pursuant to 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g). The case is before the undersigned United States Magistrate pursuant to the consent of the parties entered into under the authority of 28 U.S.C. § 636(c)(2).

This court originally considered the case upon Green's appeal of the Secretary's decision that Green was not disabled, and therefore, was not entitled to supplemental security income benefits. Green had filed a fifth application for benefits, which was denied upon initial consideration and reconsideration. An Administrative Law Judge subsequently ruled that although Green suffered from a variety of impairments, he retained sufficient physical capacity to perform medium work. The Law Judge concluded that Green could return to some of his past work roles, which the Law Judge found to be medium in exertional requirements. The Law Judge's opinion was adopted as the final decision of the Secretary by the Social Security Administration's Appeals Council. Green appealed the Secretary's ruling to this court.

In a memorandum opinion entered on March 16, 1989, this court concluded that the Secretary's decision was not supported by substantial evidence. In denying Green's third application for supplemental security income benefits almost seven years earlier, the Administrative Law Judge had found that Green was limited to light exertion and was disabled from pursuing his past work activities. The Law

Judge had ruled, however, that Green could perform certain light work roles existing in the national economy and denied the third application. This court noted that the Law Judge on the most recent application, which is at issue here, found that Green could perform a full range of medium levels of work despite the fact that seven years had passed since the finding that Green was limited to light exertion. This court found that Green was entitled to a more comprehensive explanation regarding the contrast in the findings of the Administrative Law Judge on Green's third and fifth applications. Accordingly, this court held that good cause existed for remand to the Secretary for further consideration and development.

Upon remand, the Administrative Law Judge again issued a decision unfavorable to Green. Green filed exceptions to that decision. On June 10, 1991, Green filed a Motion to Reinstate with this court, alleging that the Secretary's delay in acting on Green's exceptions was unreasonable. In an order entered June 28, 1991, the Secretary was granted an enlargement of time to July 20, 1991, to respond to the plaintiff's Motion to Reinstate.

In June of 1991, the Supreme Court handed down its decision in *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). In *Melkonyan,* the Court concluded that a district court may remand a final decision of the Secretary only as provided in sentences four and six of 42 U.S.C. § 405(g); under sentence four, in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision; or under sentence six, in light of additional evidence, but only if the claimant shows good cause for failing to present the evidence earlier.

Under the EAJA, 28 U.S.C. § 2412(d)(1)(A), it is provided, in pertinent part, that the court shall award to a prevailing party fees and other expenses in any civil action brought against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. Under § 2412(d)(1)(B), a fee application must be filed within thirty days of final judgment in the civil action for which the claimant seeks fees. A "final judgment" for purposes of § 2412(d)(1)(B) is a judgment rendered by a court that terminates the civil action. Under *Melkonyan,* a remand under sentence four is a final judgment. A sentence six remand becomes a final judgment when the Secretary returns to court following the completion of post-remand proceedings and the court enters judgment at that time. Accordingly, the thirty day period for filing a fee application under the EAJA begins in a sentence four remand case after the court enters its judgment and the appeal period runs.

On July 10, 1991, Green filed an application for attorney's fees under the EAJA. Green noted in his petition that his application was filed within thirty days of the *Melkonyan* decision. The Secretary argued in response that *Melkonyan* is to be applied retroactively under the Supreme Court's decision in *James B. Beam Distilling Co. v. Georgia,* —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). According to the Secretary, this court's March 16, 1989 judgment was a sentence four remand. The Secretary contended that under *Melkonyan,* Green should have filed his fee application within thirty days after the appeal period expired following the March 16, 1989 judgment, or by June 16, 1989. The Secretary argued accordingly that Green's July 10, 1991, fee petition was not timely filed, and thus, should be dismissed. The Secretary cited *Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), as well, in support of the Secretary's position that the March 16, 1989, sentence four remand was a final judgment.[1] The Secretary further argued that

---

**1.** In *Finkelstein,* the Court addressed the narrow question of whether a remand for further findings regarding the Social security claimant's ability to engage in gainful activity was a judgment immediately appealable by the Secretary.

The Court held that such a remand is immediately appealable as a final judgment, but noted that the case did not address the finality of such a remand for purposes of the EAJA. 110 S.Ct. at 2665 n. 8, 2666. It was not until *Melkonyan*

Green was not yet a prevailing party be-. cause he had not yet been awarded benefits following the remand.

In his reply memorandum, Green agreed that this case involved a sentence four remand, but argued that *Melkonyan* should. not be applied retroactively to this case. Green contended that the language in *Melkonyan* regarding sentence four remands was merely dicta because *Melkonyan* involved a sentence six rather than a sentence four remand. Green also argued that he met the three-pronged test announced in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), for determining when a decision should be nonretroactive. Under *Chevron,* a decision is nonretroactive if: 1) it establishes a new principle of law, either by deciding an issue of first impression or by overruling clear precedent on which litigants may have relied; 2) after examining the history, purpose, and effect of the rule in question, a finding of nonretroactivity will not retard operation of the rule; and 3) retroactive application would impose some inequity.

Green argues that the *Melkonyan* decision was a decision of first impression that was not clearly foreshadowed and that overruled clear Fourth Circuit precedent. Green contends that under *Guthrie v. Schweiker,* 718 F.2d 104 (4th Cir.1983), the law was clear that EAJA petitions were not to be filed until the court had entered a final order following the remand proceedings, whether the remand was pursuant to sentence four or sentence six. Second, plaintiff argues that retroactive application of *Melkonyan* would retard the purposes of the EAJA. According to Green, the purpose of the EAJA was to encourage private parties to challenge government conduct. By holding *Melkonyan* retroactive, Green argues, the court would catch the plaintiff in a procedural trap that would violate the express intent of Congress in enacting the EAJA.

In November of 1991, Green provided to this court copies of the November 8, 1991,

decision of the Administrative Law Judge awarding him benefits and the Supplemental Security Income Notice of Award. Plaintiff submits that he clearly is now a prevailing party and that the only question remaining for decision is whether the EAJA application was timely filed in light of *Melkonyan.*

The question of whether Green's EAJA application was timely filed rests on whether *Melkonyan* is retroactive and applicable to this case. In *Myers v. Sullivan,* 916 F.2d 659 (11th Cir.1990), the Magistrate Judge had remanded the case to the Secretary on the basis that there was not substantial evidence in the record to support the Secretary's decision. The remand took place prior to the Supreme Court's decision in *Finkelstein* that a sentence four remand is a final judgment for purposes of appeal. The Eleventh Circuit applied the *Chevron* test in deciding that *Finkelstein* should not be applied retroactively to *Myers.* The *Myers* court emphasized that Congress intended in passing the EAJA for courts to "avoid an overly technical construction" of the timeliness requirement, which would create a "trap for the unwary resulting in the unwarranted denial of fees." *Myers,* 916 F.2d at 671.

The Secretary argues that *Melkonyan* must be found to be retroactive under the Supreme Court's holding in *James B. Beam Distilling Co. v. Georgia.* In *Beam,* the Supreme Court decided that "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." 111 S.Ct. at 2448. While *Beam* places some limits on the use of the *Chevron* analysis, it does not affect its use in determining whether *Melkonyan* should be retroactive to this case. The Court in *Melkonyan* was unable to apply its decision that a sentence four remand is a final judgment under the EAJA to the litigants in that case, because it was unclear whether the remand was pursuant to sentence four or sentence six.

that the Court addressed the question of whether a remand to the Secretary was a final judg-

· ment for purposes of the EAJA.

The Court remanded the case for a determination of that issue. Consequently, the *Melkonyan* decision does not fall within the parameters of the *Beam* holding and the *Chevron* analysis is applicable to this case.

Under the first prong of the *Chevron* analysis, *Melkonyan* and *Finkelstein* were both decisions of first impression whose resolutions were not clearly foreshadowed at the time of the March 16, 1989, remand at issue in this case. Fourth Circuit law under *Guthrie* was that the remand would have been an interlocutory order, not a final judgment. Green was entitled as of March 16, 1989, to rely on *Guthrie* as clear Fourth Circuit precedent. Under the second prong of the *Chevron* test, retroactive application of *Melkonyan* would retard the purpose of the EAJA by contravening the Congressional intent that the timeliness requirement not be construed in such a strict way as to be "a trap for the unwary." *Myers*, 916 F.2d at 678. Under the third prong, applying *Melkonyan* to this case would be inequitable in view of the litigants' past reliance on Fourth Circuit law at the time of the remand. Accordingly, the court finds that *Melkonyan* is not retroactively applicable to this case, and Green's petition for attorney's fees may now be considered.

The court believes that this disposition is especially reasonable given the facts of this particular case. As noted above, subsequent to the remand order, plaintiff filed exceptions to the Law Judge's opinion on June 8, 1990, at a time when *Guthrie* still governed such procedural matters. *Finkelstein* was decided on June 18, 1990, and *Melkonyan* on June 10, 1991. The Appeals Council did not formally act on the exceptions until November 8, 1991. As a practical matter, it does not seem to the court that the Secretary should escape responsibility for payment of EAJA fees as a result of the Appeals Council's obvious procrastination in its adjudication.

The court will treat this petition as if it had been filed during the period in which the processing of such matters was still governed by the procedural rules set forth in *Guthrie*. The court will grant Green's motion to reinstate, which has never been ruled on. Inasmuch as the Secretary now has determined that Green is entitled to benefits, the court will enter a final order adopting this conclusion, consistent with what now has become the superseded rule of *Guthrie*. The case will be stricken from the active docket of this court.

Furthermore, defendant's motion to deny plaintiff's EAJA petition as untimely shall be denied. Plaintiff will be accorded thirty days in which to file a supplemental EAJA petition or to readopt the petition already filed. The Secretary then will have thirty days in which to respond to the petition on the merits.