**William R. THOMPSON, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 84–2019–S.**

United States District Court, D. Kansas.

May 23, 1989.

Dennis W. Jennings, Sharon J. Meyers, Kansas City, Mo., Michael H. Berman, Praire Village, Kan., John H. Deans, Kansas City, Mo., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., Robert S. Streepy, Asst. U.S. Atty., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion for attorney's fees. On November 6, 1984, this court remanded plaintiff's case to the Social Security Administration ("SSA") for further consideration in light of the passage of the Social Security Disability Benefits Reform Act of 1984. On August 13, 1986, the SSA notified plaintiff that it was granting plaintiff's claim for disability benefits. SSA did not file any notice of that action with this court. On November 21, 1988, plaintiff filed his present motion for attorney's fees, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff also seeks an award of fees pursuant to 42 U.S.C. § 406(b).

Defendant responds that plaintiff's request for attorney's fees under the EAJA is untimely. Title 28, United States Code, Section 2412(d)(1)(B) provides that any request for attorney's fees shall be made "within 30 days of final judgment in the action." Defendant asserts that since plaintiff's request for attorney's fees was made over two years after the favorable decision by the SSA on remand, plaintiff's request for attorney's fees is untimely.

The thirty-day time limitation set out in 28 U.S.C. § 2412(d)(1)(B) is jurisdictional. *Allen v. Secretary of Health and Human Servs.*, 781 F.2d 92, 94 (6th Cir.1986). Thus, if thirty days have expired since "final judgment," this court is without jurisdiction to consider plaintiff's request for attorney's fees. Title 28, United States Code, Section 2412(d)(2)(G) defines "final judgment" as a "judgment that is final and not appealable." Defendant contends that the decision of the SSA on remand in 1986 was final upon the expiration of the time to appeal to the district court. This court must therefore decide whether the term "final judgment" contemplates action by the district court, or whether action by the SSA on remand is sufficient to constitute a "final judgment."

The procedural posture of this case most closely parallels that set out in *Guthrie v. Schweiker,* 718 F.2d 104 (4th Cir.1983). In that case, the district court had remanded the cause for purposes of taking additional evidence. The SSA appeals council then remanded the case to an administrative law judge. The administrative law judge issued a recommended decision in favor of the plaintiff and the Appeals Council adopted the administrative law judge's decision. After the decision, the Secretary failed to file anything with the district court concerning the outcome of the remand, as required by 42 U.S.C. § 405(g). *Id.* at 106.

The court determined that 42 U.S.C. § 405(g) contemplated additional action by the Secretary of Health and Human Services and by the district court after conclusion of the proceedings on remand. The Secretary was required to file "additional and modified findings of fact and decision, and a transcript of the additional record and testimony." *See* 42 U.S.C. § 405(g). The district court was then to enter a judgment affirming, modifying or reversing the Secretary's decision. *Guthrie,* 718 F.2d at 106. The court in *Guthrie* determined that the thirty day period within which a plaintiff could seek attorney's fees under the EAJA did not begin running until the district court entered that final order. The court ordered that the district court on remand should direct the Secretary to file papers as required by 42 U.S.C. § 405(g); the district court could then enter final judgment and plaintiff's attorney could reapply for fees within the thirty day time period.

This court will likewise enter such an order. Defendant will be ordered to file with the court those documents required by 42 U.S.C. § 405(g) and the court will enter final judgment. Plaintiff may then renew his motion for attorney's fees, and defen-

dants should then respond to the merits of that application. The court will also take under advisement plaintiff's request for attorney's fees under 42 U.S.C. § 406(b) and consider that request upon plaintiff's renewal of his request for EAJA fees.

IT IS BY THE COURT THEREFORE ORDERED that defendant file with this court those documents required by 42 U.S.C. § 405(g). Upon the filing of those documents, this court will enter final judgment in this matter. IT IS FURTHER ORDERED that once final judgment has been ordered in this matter, plaintiff may renew his motion for attorney's fees under the Equal Access to Justice Act. IT IS FURTHER ORDERED that this court will take under advisement plaintiff's request for attorney's fees under 42 U.S.C. § 406 and will consider that request after plaintiff renews his request for fees under the Equal Access to Justice Act.