**Alice JABAAY, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary
of Health and Human Services,
Defendant–Appellee.**

No. 90–1104.

United States Court of Appeals,
Seventh Circuit.

Argued July 11, 1990.

Decided Dec. 17, 1990.

As Amended Dec. 17, 1990.

Order on Motion to Recall Mandate
Jan. 25, 1991.

Marcie E. Goldbloom, Chicago, Ill., for plaintiff-appellant.

Carol A. Davilo, Asst. U.S. Atty., Michael C. Messer, Dept. of Health and Human Services, Region V, Office of the General Counsel, Chicago, Ill., for defendant-appellee.

Before WOOD, Jr., MANION and KANNE, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, Alice Jabaay, appeals the denial of her application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. EAJA permits an award of attorney's fees incurred by the "prevailing party ... in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified...." 28 U.S.C. § 2412(d)(1)(A). The district court found that Jabaay was not a "prevailing party" and that the government's position was "substantially justified." Jabaay challenges these findings. Although we are inclined to agree with the district court, we are constrained to remand this case for dismissal because the district court lacked jurisdiction to consider Ms. Jabaay's fee petition.

## BACKGROUND

This litigation arose out of Alice Jabaay's claim for disabled widows benefits and supplemental security income under the Social Security Act, 42 U.S.C. §§ 402(d), 423(d). Jabaay filed for benefits on August 3, 1983, alleging that she became disabled as

of March 1983 due to a bad back. On January 8, 1985, an Administrative Law Judge (ALJ) found that Jabaay was not eligible for widows benefits because her impairments did not meet any of the requirements for an award of benefits. Jabaay sought review by the Appeals Council, which was denied on May 17, 1985. She then initiated a review proceeding pursuant to 42 U.S.C. § 405(g) in the United States District Court for the Northern District of Illinois. On August 27, 1985, defendant filed an answer in the district court to Jabaay's complaint. On August 28, 1985, new mental impairment regulations governing social security benefit claims were published in the Federal Register, 50 Fed. Reg. 35038 (Aug. 28, 1985). Section 5 of the Social Security Disability Benefits Reform Act of 1984 (Reform Act), Pub.L. No. 98–460, 98 Stat. 1794, required the Secretary to reevaluate all claims that were denied between the effective date of the Reform Act, October 9, 1984 and the date the new mental impairment regulations were published in the Federal Register, to determine whether the claimant suffered any mental impairment. On December 20, 1985, Jabaay filed a motion for summary judgment in the district court. Rather than opposing the motion for summary judgment, defendant filed a motion to remand for reconsideration of plaintiff's mental impairments pursuant to the Reform Act. The district court granted this motion on February 11, 1986.

On remand, Jabaay succeeded, under the new mental impairment regulations, *see* 20 C.F.R. Pt. 404, Subpt. P. App. 1 § 12.04 (affective disorders), in obtaining all of the benefits she originally sought. On February 19, 1988, the Appeals Council modified and adopted the ALJ's recommendation. The Appeals Council's decision, dated February 19, 1988, is the final decision on Ms. Jabaay's benefits petition. The case did not return to the district court.

On April 29, 1988, 69 days after the Appeals Council's decision, Jabaay filed a petition in the district court seeking attorney fees and expenses under EAJA. The government opposed the fee petition, arguing that Jabaay was not a "prevailing party" under EAJA because her case was remanded due to a change in the law. The government also contended that its litigation position was substantially justified. The district court granted an award of fees in an order entered on July 14, 1989; however, on July 28, 1989 the government filed a motion to alter and amend the judgment, which the court granted on November 22, 1989, thus withdrawing the award. Jabaay filed a timely notice of appeal from the judgment denying attorney fees.

## ANALYSIS

The government contends that the district court did not have jurisdiction over Jabaay's fee petition because she did not file it within 30 days of "final judgment" in the social security case, as required by EAJA. 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(G). "Final judgment means a judgment that is final and not appealable and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G). The government, citing *Melkonyan v. Heckler,* 895 F.2d 556 (9th Cir.1990), construes final judgment for purposes of EAJA to have been entered February 19, 1990, the date that the Appeals Council issued its decision granting Jabaay all the benefits she sought in the case. Jabaay counters that there is no "final judgment" in this case because the district court never entered a judgment under Federal Rule of Civil Procedure 54 in the social security action, as required by 42 U.S.C. § 405(g), and that, in any event, she filed her fee petition within 30 days of the date the Appeals Council decision became no longer revisable—and hence final and unappealable—which was on April 25, 1989, 65 days after it was issued. *See* 20 C.F.R. § 404.981 (regulating revision of Appeals Council decisions). Because the proper and timely filing of fee petitions is jurisdictional, *Melkonyan,* 895 F.2d at 557 (citing cases), we must decide when the thirty day filing period begins in EAJA cases in which a district court has remanded an underlying social security benefits case under 42 U.S.C. section 405(g).

We are confronted with two divergent lines of authority in making our decision. The majority line of cases holds that the thirty day filing period under EAJA does not commence until after the Secre-

tary files with the district court any additional findings of the Agency on remand and after the district court thereupon enters a final judgment under Fed.R.Civ.P. 54. *See Brown v. Secretary of Health & Human Services*, 747 F.2d 878 (3d Cir. 1984); *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983); *Seymore v. Secretary of HHS*, 738 F.Supp. 235 (N.D.Ohio 1990); *Gutierrez v. Sullivan*, 734 F.Supp. 969 (D.Utah 1990); *Thompson v. Sullivan*, 715 F.Supp. 1019 (D.Kan.1989). The other line of cases, which is of more recent origin and which is exemplified by *Melkonyan v. Heckler*, 895 F.2d 556 (9th Cir.1990), holds that if a social security claimant succeeds on remand in obtaining all of the benefits which she sought in the initial petition, then the final judgment, for purposes of EAJA, occurs on the day that the Appeals Council enters its decision awarding the petitioner all that she sought. The rationale of these cases is that when a social security claimant receives all of the benefits she seeks, there is nothing left in the case to appeal and hence, the judgment becomes "final" as that term is defined in 42 U.S.C. § 2412(d)(2)(G). We find that the latter approach is required both by the statutory language of EAJA and by concerns for practicality and certainty in EAJA cases.

The Social Security Act allows a claimant, "after any final decision of the Secretary [to] obtain a review of such decision by a civil action...." 42 U.S.C. § 405(g). As noted, under EAJA, a court may award reasonable attorney fees and expenses to the prevailing party in a civil action brought by or against any agency or any official of the United States. The sixth sentence of Section 405(g) further provides that the district court may, as was done here, remand the case for further proceedings on motion of the Secretary. However, Section 405(g) specifies that:

> the Secretary shall, after the case is remanded, modify or affirm his findings of fact or decision, or both, *and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming is based. Such additional findings of fact*

*and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions*

(emphasis added). This provision, in conjunction with EAJA, creates the jurisdictional morass presented by this case.

Under EAJA, a claimant must file an application for fees "within 30 days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A district court order remanding a case back to the agency is not, however, a final judgment. *See Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989). Nor does EAJA specify that in a social security case reviewed by the district court, the court must enter a "final judgment" under 42 U.S.C. § 405(g) for EAJA proceedings to be initiated. Nor does that section impose any time limit forcing the Secretary to make the required filings which would then enable the district court to enter a Rule 54 judgment. Thus, there is no statutory mechanism under the Social Security Act which forces the entry of a Rule 54 final judgment in a social security action in which the claimant has succeeded in obtaining all the benefits she sought after a Section 405(g) remand.

Under the majority approach, an EAJA petition may not be filed in such cases. The practical effect appears to have been that the only mechanism that forces the Secretary to file the required records under Section 405(g) is a district court decision dismissing an EAJA petition for lack of jurisdiction and ordering the Secretary to make the required filing. In our view, the majority approach leads to unnecessary delays in litigation. Under it, the 30 day EAJA filing period could conceivably not begin to run until months or even years after the Appeals Council's final decision. *See Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983) (EAJA petition filed three months after appeals council decision); *Gutierrez v. Sullivan*, 734 F.Supp. 969 (D.Utah 1990) (six months); *Thompson v.*

*Sullivan,* 715 F.Supp. 1019 (D.Kan.1989) (22 months). To us, this seems not only illogical and impractical, but also it cannot possibly be what congress intended in these cases.

The weakness of the majority approach is in its confusion of the fact that an EAJA application is a separate and distinct action from an action under the Social Security Act. Thus, the majority courts mistakenly reason that a Rule 54 judgment must be entered in a social security action prior to the filing of an EAJA petition. This ignores the statutory language of EAJA, which defines "final judgment" differently from the Federal Rules of Civil Procedure. A final judgment for purposes of filing an EAJA petition is "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Under Rule 54, on the other hand, final judgment "denotes a judgment that disposes of the plaintiff's claims in the district court." *McDonald v. Schweiker,* 726 F.2d 311, 313 (7th Cir.1983). EAJA does not require the district court to enter a Rule 54 judgment. Nor does it define "final judgment" as "a Rule 54 final judgment." Rather, it requires merely that there be (1) a judgment that is (2) final and (3) not appealable. We have recognized previously that the term "final judgment" appears 151 times in the United States Code and "does not have a single fixed meaning." *McDonald,* 726 F.2d at 313. As in *McDonald,* "we have only … purpose inferable from context, to guide us." *Id.*

Congress could not have intended for there to be no ascertainable starting point for the 30–day EAJA filing period to begin. Yet, this is precisely the result which the majority approach requires, for there is nothing in the Social Security Act that informs the Secretary by what date he must file the Agency's findings on remand. Under the Ninth Circuit's approach in *Melkonyan,* however, the EAJA filing period begins immediately after the first decision in the case which is "final and not appealable." This is an interpretation of EAJA which will render a definite and certain filing date for EAJA petitions. Under this approach, the EAJA filing period would in some cases begin after the Appeals Council's initial decision after remand—if the

claimant receives all of the benefits she sought—and in other cases, could begin after the Appeals Council revises its initial decision and thereby awards the claimant all benefits that he sought. Still, in other cases, the EAJA clock would not begin to run until after a final judgment in the federal courts—if the social security case ends up back in the federal courts again. This is the only approach to which we believe litigants can reliably adhere. This approach is also implied by our decision in *McDonald,* 726 F.2d at 314, in which we advocated a definition of "final judgment" in EAJA cases which would result in the claimant having to file only one EAJA petition after the claimant has prevailed and the social security claims are completely resolved.

■ We hold, therefore, that an EAJA claimant must file for attorney's fees within thirty days after the "final judgment," as that term is defined in 28 U.S.C. § 2412(d)(2)(G), after a remand of the social security case. Here, Ms. Jabaay received all of the benefits she sought by the Appeals Council's decision rendered on February 19, 1988. Because this decision was final and unappealable it was the "final judgment" in the case. Therefore, Ms. Jabaay had 30 days from February 19th to file her EAJA petition—until March 20, 1988. Ms. Jabaay filed her petition on April 29, 1988, which was 40 days late. The district court was thus without jurisdiction to entertain the petition.

In making this decision, we are aware that the subsequent legislative history of EAJA appears to endorse the majority approach. *See* H.R.Rep. No. 120, 99th Cong., 1st Sess., pt. 1 at 19–20, *reprinted in* 2 1985 U.S.Code Cong. & Admin.News 132, 148 ("the agency decision after remand is [not a final judgement]"). As Ms. Jabaay points out, the House Report cites favorably to the Fourth Circuit's decision in *Guthrie v. Schweiker,* 718 F.2d 104 (4th Cir.1983), a case factually similar to Jabaay's, which held that there is no "final judgment" in a social security action in which the district court's jurisdiction has been invoked under 42 U.S.C. § 405(g) until

the district court enters a final judgment. The *Guthrie* court stressed that the judicial review procedure in 42 U.S.C. § 405(g) "contemplates additional action both by the Secretary and a district court before a civil action is concluded following a remand." *Guthrie*, 718 F.2d at 106. Although it is also true that the Supreme Court quoted *Guthrie* with apparent approval in *Sullivan v. Hudson, supra,* 109 S.Ct. at 2255 (quoting *Guthrie*, 718 F.2d at 106), the Supreme Court's most recent pronouncement in this arena casts considerable doubt on the authoritative weight to be accorded this particular piece of "legislative history." *See Sullivan v. Finkelstein,* —— U.S. ——, 110 S.Ct. 2658, 2665 n. 8, 110 L.Ed.2d 563 (1990); *Id.* 110 S.Ct. at 2667 (Scalia, J., concurring). We find the Supreme Court's doubts persuasive and find the legislative history on the EAJA statute to be unhelpful in clarifying this very complex issue.

In conclusion, we regrettably must find that Ms. Jabaay filed her EAJA petition 40 days too late. The district court was without jurisdiction to consider the petition. Therefore, we Remand this case for dismissal by the district court for lack of jurisdiction.

REMANDED WITH INSTRUCTIONS.

On Motion to Recall Mandate Jan. 25, 1991.

On consideration of the PLAINTIFF–APPELLANT'S MOTION TO RECALL MANDATE AND STAY PROCEEDINGS PENDING SUPREME COURT'S DECISION IN MELKONYAN V. SULLIVAN NO. 90–5538, CERTIORARI GRANTED JANUARY 7, 1991 filed herein on 1/18/91, by counsel for appellant,

IT IS ORDERED that said motion is GRANTED. The clerk of the court is directed to recall the court's mandate and further proceedings in this matter will be stayed pending a decision by the United States Supreme Court in *Melkonyan v. Sullivan,* No. 90–5538, *certiorari granted* —— U.S. ——, 111 S.Ct. 669, 112 L.Ed.2d 662 (1991). The parties shall notify this court when the decision in *Melkonyan* is announced.