**Bervin ALLEN, Plaintiff,**

v.

**Donna E. SHALALA, Secretary, Department of Health and Human Services, Defendant.**

No. 89 C 2788.

United States District Court, N.D. Illinois, E.D.

April 15, 1993.

Rebecca Saunders, Steven Coursey, Robert E. Lehrer, Legal Assistance Foundation of Chicago, Chicago, IL, for plaintiff.

United States Attorney's Office, Chicago, IL, for defendant.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is plaintiff Bervin Allen's ("Allen") protective application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the following reasons, Allen's application is dismissed without prejudice.

## DISCUSSION

On October 19, 1987, Allen, then fifty-three years old, filed an application for Supplemental Security Income alleging that he was disabled due to hypertension, arthritis, a bad back, and tuberculosis. The Secretary of Health and Human Services (the "Secretary") denied Allen's application, and Allen requested an administrative hearing. After a hearing, the administrative law judge concluded that Allen could perform a full range of light work, and Allen's requested review of the administrative law judge's determination was denied by the Secretary's Appeals Council.

Allen sought judicial review of the Secretary's decision in this court, which found that the Secretary's decision was supported by substantial evidence. Allen appealed the district court's decision, and on October 14, 1992, the 7th Circuit United States Court of Appeals issued an opinion finding that the Secretary's denial of benefits was not supported by substantial evidence, vacated the district court opinion, and remanded the case to the Secretary for further proceedings. 977 F.2d 385.

Allen has filed the instant petition for attorney's fees under the EAJA, which provides that a court may award reasonable attorney fees and expenses to the prevailing party in a civil action brought by or against any agency or any official of the United States. Although Allen has not prevailed in his suit against the Secretary, he has nevertheless filed a petition for attorney's fees. Allen's anticipatory petition appears to be filed in response to the relatively recent Supreme Court case *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) and the EAJA requirement that a party seeking fees file its application "within 30 days of the final judgment in the action...." 28 U.S.C. § 2412(d)(1)(B).

In *Melkonyan*, the Supreme Court stated that final judgment for EAJA purposes means a judgment rendered by a court of law that terminates the civil action for which EAJA fees may be received. —— U.S. at ——, 111 S.Ct. at 2162. The Supreme Court went on to discuss when the EAJA filing period begins in cases in which a court re-verses an administrative decision and remands the action for further proceedings. In such cases, which fall under the fourth sentence of 42 U.S.C. 405(g), the *Melkonyan* court held that "the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." —— U.S. at ——, 111 S.Ct. at 2165, citing 28 U.S.C. § 2412(d)(2)(G). Fearing that the Seventh Circuit order reversing the Secretary's decision and remanding the case for further proceedings constituted the "final judgment" for EAJA purposes, Allen has filed the present motion.

The obvious problem with Allen's position is that the Seventh Circuit order did not award any benefits to Allen on his disability claim, and accordingly, Allen is not yet a prevailing party entitled to an EAJA award. 28 U.S.C. § 2412(d)(1)(A) (prevailing party status prerequisite to award of EAJA fees); *see also Sullivan v. Hudson*, 490 U.S. 877, 886, 109 S.Ct. 2248, 2254, 104 L.Ed.2d 941 (1989) ("where a court's remand to the agency for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain 'prevailing party' status within the meaning of § 2412(d)(1)(A) until after the result of the administrative proceedings is known"). Allowing a district court discretion to enter a final judgment for EAJA purposes, after proceedings on remand have been completed, solves the dilemma of whether to file an anticipatory EAJA application at a time when is must either be denied or indefinitely suspended or whether to wait and risk the finding that a remand order began the tolling of the 30–day limitation period. This interpretation of § 2412(d)(1)(B) was recently adopted by the Eight Circuit. *Hafner v. Sullivan*, 972 F.2d 249 (8th Cir.1992). In *Hafner*, the Eight Circuit held that:

when a judicial remand order in Social Security disability cases contemplates additional administrative proceedings that will determine the merits of the claimant's application for benefits, and thus will determine whether the claimant is a prevailing party, the district court retains discretion to enter a final judgment for EAJA

purposes after the proceedings on remand have been completed. On the other hand, if the remand order directs the Secretary to award benefits, the claimant is a prevailing party and the remand order is the final judgment for EAJA purposes.

*Hafner,* 972 F.2d at 252.

The *Hafner* decision comports with the concerns expressed by the Seventh Circuit in the pre-*Melkonyan* case *Jabaay v. Sullivan,* 920 F.2d 472 (1990). In *Jabaay,* the Seventh Circuit attempted to establish an interpretation of EAJA which would "render a definite and certain filing date for EAJA petitions." 920 F.2d at 475. Accordingly, the *Jabaay* court held that the EAJA filing period begins "immediately after the first decision in the case which is 'final and not appealable.'" *Id.* Under *Jabaay,* the EAJA filing period could begin following the Secretary's Appeals Council's decision after remand, if the claimant received the benefits it sought; this position, however, was overturned by *Melkonyan.* —— U.S. at —— ——, 111 S.Ct. at 2161–62 ("final judgment in the action requires a judgment by a court"). The ultimate holding in *Jabaay,* however, survives *Melkonyan.* The *Jabaay* court stated that "an EAJA claimant must file for attorney's fees within thirty days after the 'final judgment' ... *after a remand of the social security case.*" 920 F.2d at 475 (emphasis added). This ruling indicates the Seventh Circuit's understanding that the final judgment for EAJA purposes is not necessarily the order remanding the case to the Secretary for further proceedings. *See* 920 F.2d at 475 ("[T]he EAJA filing period would in some cases begin after the Appeals Council's initial decision *after remand* .... Still, in other cases, the EAJA clock would not begin to run until after a final judgment in the federal courts—if the social security case ends up back in the federal courts *again*") (emphasis added); *see also Sullivan v. Hudson,* 490 U.S. 877, 886, 109 S.Ct. 2248, 2254, 104 L.Ed.2d 941 (1989) (the Supreme Court contemplates the filing of EAJA fee applications after the Secretary's proceedings on remand, and also authorizes the award of fees upon the successful completion of administrative proceedings).

Reliance on the superficially compelling dictum in *Melkonyan* ("filing period begins after final judgment ('affirming, modifying, or reversing') is entered ...") to promote the proposition that a remand order is a "final judgment" for EAJA purposes is misplaced; nothing in *Melkonyan* establishes a rigid rule as to when a remand order is a final judgment under the EAJA. *Hafner,* 972 F.2d at 252. The Seventh Circuit has previously expressed disbelief that Congress envisioned the prevailing party language of the EAJA to be so broad as to encompass an order remanding the action to the Secretary for further proceedings. *Hendricks v. Bowen,* 847 F.2d 1255, 1258 (7th Cir.1988).

Anytime a reviewing court remands a social security case without awarding benefits to the petitioning party further judicial review is virtually certain. Requiring a party to file an anticipatory fee petition within thirty days of such remand order, before such party is granted any payment award, would congest the court dockets with speculative motions and set a trap for the procedurally unwary. In the instant case, the Seventh Circuit remand did not award any benefits to Allen, but merely sent the case back to the Secretary for further proceedings. As such, Allen is not yet a prevailing party entitled to EAJA attorney's fees. Furthermore, the remand order contemplates additional administrative proceedings that will determine the merits of Allen's application for benefits, and because no judgment has been entered since the remand was entered, there has been no final judgment for EAJA purposes.

Because Allen has not shown that he is a prevailing party, as required by § 2412(d)(1)(B) of the EAJA, the court lacks jurisdiction to hear the instant motion. Accordingly, the court dismisses his protective application for attorney's fees, without prejudice, pursuant to Fed.R.Civ.P. 12(b)(1).

## CONCLUSION

For the foregoing reasons, plaintiff's protective application for attorney's fees is denied.

IT IS SO ORDERED.