Bervin ALLEN, Plaintiff,

v.

Donna E. SHALALA, Secretary, Department of Health and Human Services, Defendant.

No. 89 C 2788.

United States District Court, N.D. Illinois, E.D.

Nov. 3, 1993.

Rebecca L. Saunders, Legal Assistance Foundation of Chicago, Chicago, · IL, for plaintiff.

Michael J. Shepard, U.S. Atty., Linda A. Wawzenski, Asst. U.S. Atty., for defendant; Donna Morros Weinstein, Chief Counsel, Region V, Dept. of Health and Human Services, Edward P. Studzinski, Asst. Regional Counsel, Chicago, IL, of counsel.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is plaintiff Bervin Allen's ("Allen") motion to vacate pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is granted.

## BACKGROUND

On October 14, 1992, the Court of Appeals for the Seventh Circuit held that the Secretary of Health and Human Services' ("Secretary") denial of Supplemental Security Income ("SSI") benefits to Allen was not supported by substantial evidence and remanded the case to the Secretary for further proceedings.[1] *Allen v. Sullivan,* 977 F.2d 385 (7th Cir.1992). The Seventh Circuit remanded the case without awarding any SSI benefits to Allen. On November 6, 1992, this court vacated its judgment affirming the Secretary's decision and remanded the case to the Secretary in accordance with the Seventh Circuit's mandate.

On February 4, 1993, Allen filed a "protective" application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28

U.S.C. § 2412. The court, however, dismissed the application without prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure as premature, on the basis that Allen was not yet a "prevailing party," as required by § 2412(d)(1)(B) of the EAJA. *Allen v. Shalala,* 820 F.Supp. 363, 364 (N.D.Ill.1993). The court dismissed the application without prejudice to provide Allen the opportunity to resubmit his application for fees after prevailing in the administrative proceedings. At the time of the court's April 15, 1993 order, the Seventh Circuit's construction of § 2412 of the EAJA was that a mere remand order without an award for SSI benefits did not confer the status of "prevailing party" on Allen for purposes of seeking attorney's fees under the EAJA. *Jabaay v. Sullivan,* 920 F.2d 472, 475 (7th Cir.1990); *Hendricks v. Bowen,* 847 F.2d 1255, 1258 (7th Cir.1988); *Singleton v. Bowen,* 841 F.2d 710, 711 (7th Cir.1988).

On June 24, 1993, the United States Supreme Court defined the scope of the term "prevailing party" to include those individuals who successfully seek a sentence-four remand order.[2] *Shalala v. Schaefer,* — U.S. —, — – —, 113 S.Ct. 2625, 2631–32, 125 L.Ed.2d 239 (1993). In light of the *Schaefer* Court's opinion, Allen filed the instant motion to vacate the April 15, 1993 order dismissing the application for fees without prejudice.

## DISCUSSION

Under Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for" the reasons specified in subsections (1) through (5).[3] Fed.R.Civ.P. Rule

---

**1.** Having already issued an opinion in the case detailing the facts, *Allen v. Shalala,* 820 F.Supp. 363 (N.D.Ill.1993), the court will not duplicate the facts in this opinion. Additional facts can be found in the Seventh Circuit's opinion, *Allen v. Sullivan,* 977 F.2d 385 (7th Cir.1992).

**2.** A "sentence-four remand order" is issued pursuant to the fourth sentence of 42 U.S.C. § 405(g). The fourth sentence of the provision provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the

record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

**3.** The five specified reasons under Rule 60(b) are as follows:

    (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether hereto-

60(b)(1)–(5); *see also Margoles v. Johns*, 798 F.2d 1069, 1072 (7th Cir.1986). In addition to the five specified reasons, Rule 60(b)(6) provides a catchall provision for relief from final judgment or order. *Reinsurance Co. v. Administratia Asigurarilor*, 902 F.2d 1275, 1277 (7th Cir.1990). The catchall provision allows the court to grant a Rule 60(b) motion for "any other reason justifying relief from the operation of the judgment." Fed. R.Civ.P. 60(b)(6).

■ In addressing a motion to vacate an earlier order, the court has broad discretion to grant Rule 60(b) relief. *Lee v. Village of River Forest*, 936 F.2d 976, 979 (7th Cir. 1991). It is important to note, however, that relief from a final judgment or order under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. *C.K.S. Engineers v. White Mountain Gypsum*, 726 F.2d 1202, 1204–05 (7th Cir.1984). The moving party must demonstrate that the exceptional circumstances create a substantial danger that the underlying judgment or order is unjust. *Lee*, 936 F.2d at 978.

■ Furthermore, if a moving party asserts a *mistake of law* committed by the district court as the basis to establish the exceptional circumstances, the proper form of redress is an appeal rather than a Rule 60(b) motion, especially when the motion is filed after the time for appeal has expired. *Parke–Chapley Const. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir.1989). The purpose of Rule 60(b) is not to extend the applicable period of time for appeal or to provide a shelter from the consequences of failing to timely appeal the district court's decision. *Id.* If a party is allowed to file a Rule 60(b) motion and raise the same questions that could have been raised on appeal, that party would be able to circumvent the required

filing period under Rule 4(a)(1) of the Federal Rules of Appellate Procedure.[4]

■ Allen does not contend that the court made an error as to the application of the law. Rather, Allen asserts that the change in the law, as outlined in the *Schaefer* opinion, is the basis for his motion to vacate. A Rule 60(b) motion is the proper pleading to remedy Allen's predicament in the instant case. An appeal of the April 15, 1993 order was not an available avenue for Allen. An order dismissing a complaint without prejudice is not final and thus not appealable. *Peters v. Welsh Development Agency*, 920 F.2d 438, 439 (7th Cir.1990). The appellate court lacks jurisdiction to hear a case where the district court contemplates further proceedings in the action. *Id.* at 440; *see also Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1304 (7th Cir.1988). The April 15, 1993 order dismissed Allen's "protective" application for attorney's fee without prejudice, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Additionally, the court contemplated a subsequent request for fees if Allen prevailed in the administrative proceeding on remand. Hence, Allen could not have appealed the decision of April 15, 1993 to challenge the order of dismissal.

■ In the present case, the change in the law has created an exceptional circumstance which prejudices Allen in a manner not anticipated by the court. The remand order of October 14, 1992 which was based on the lack of substantial evidence to support the Secretary's finding was a fourth-sentence remand order. *Sullivan v. Finkelstein*, 496 U.S. 617, 625, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990). The court's April 15, 1993 decision was based on the prevailing interpretation of the law that one may not petition for fees

---

fore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; Fed.R.Civ.P. 60(b)(1)–(5).

4. Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides in relevant portion that:

In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.

under the EAJA until the petitioner establishes that he recovered SSI benefits in the remand proceedings. *Allen,* 820 F.Supp. at 365. The United States Supreme Court held to the contrary in *Schaefer:* that if the petitioner successfully obtains a fourth-sentence-remand order, he is deemed to be a "prevailing party" under § 2412(d)(1)(B) and permitted to file a petition for attorney's fees notwithstanding the status of the SSI benefits. *Schaefer,* —— U.S. at ——–——, 113 S.Ct. at 2631–32.

This change in the law regarding fourth-sentence remand orders adversely affects Allen's position in light of this court's dismissal of his petition for fees. The recent change in the law coupled with the court's April 15, 1993 dismissal order, unjustly eliminates Allen's right to petition for attorney's fees under the EAJA. Application of the *Schaefer* holding to the instant case prescribes that Allen had up to thirty days after expiration of the time for appeal of the remand order in order to timely file a petition for attorney's fees.[5] *Schaefer,* —— U.S. at ——, 113 S.Ct. at 2632. Allen did timely file his petition for fees on February 4, 1993; however, the petition was dismissed on April 15, 1993 pursuant to Rule 12(b)(1) on the grounds that it was premature. Although the petition was dismissed without prejudice, Allen is now time-barred from filing a petition for fees because the thirty-day time period for filing a petition expired on February 4, 1993. *Id.*; *see also* § 2412(d)(1)(B). Thus, Allen may neither appeal the dismissal order nor refile his fee petition.

An equitable solution to Allen's plight, precipitated by the *Schaefer* holding, is to vacate the court's earlier decision of April 15, 1993. Setting aside the dismissal order will reinstate Allen's timely filed petition for attorney's fees and allow Allen an opportunity to argue his right to fees under the EAJA. The court by issuing its April 15, 1993 order never intended to strip Allen's right to seek attorney's fees under the EAJA. Further, the vacation of the dismissal order will not prejudice the Secretary.

**5.** The court entered the remand order pursuant to the Seventh Circuit's mandate on November 6, 1992. Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, the Secretary had sixty

*CONCLUSION*

For the foregoing reasons, Allen's motion to vacate the order, entered on April 15, 1993, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure is granted.

IT IS SO ORDERED.

days to appeal the order, or until January 5, 1993. Under the *Schaefer* holding, Allen had until February 4, 1993 to timely file his application.